1   Scott A. Kamber    (not admitted)
    skamber@kamberlaw.com
2   David A. Stampley (not admitted)
    dstampley@kamberlaw.com
3   KamberLaw, LLC
    100 Wall Street, 22nd Floor
4   New York, New York 10005
    Telephone: (212) 920-3072
5   Facsimile:  (212) 920-3081
6   Avi Kreitenberg (SBN 266571)
    akreitenberg@kamberlaw.com
7   KamberLaw, LLP
    1180 South Beverly Drive, Suite 601
8   Los Angeles, California 90035
    Telephone: (310) 400-1050
9   Facsimile:  (310) 400-1056
10  Attorneys for Plaintiff

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14  JONATHAN LALO, Individually and On      CASE NO. CV10      5878
    Behalf of a Class of Similarly Situated
15  Individuals,                            JURY DEMAND

16                        Plaintiff,        CLASS ACTION COMPLAINT FOR:

17  v.                                      1.  Violations of the Electronic
                                                Communications Privacy Act, ,
18  APPLE INC., a California Corporation;        18 U.S.C. § 2510
    BACKFLIP, a Delaware Corporation;
19  DICTIONARY.COM, a California            2.  Violations of the Computer Fraud and
    Corporation; PANDORA, INC., a California     Abuse Act, 18 U.S.C. § 1030
20  Corporation; THE WEATHER CHANNEL, a
    Georgia Corporation,                    3.  Unfair Competition, California Business
21                                              and Professions Code § 17200
                          Defendants.
22                                          4.  Violations of the Consumer Legal
                                                Remedies Act, California Civil Code
23                                              § 1750

24                                          5.  Unjust Enrichment

25

26          Plaintiff Jonathan Lalo, individually and on behalf of all others similarly situated, make

27  the following allegations based on their personal knowledge of their own acts and observations

28  and, otherwise, upon information and belief based on investigation of counsel.

Class Action Complaint                      1

## I. NATURE OF THE CASE

1.      This is a class action brought on behalf of the Plaintiffs and other owners and users of the Apple iPhone and iPad who were the victims of privacy violations and unfair business practices by Apple Inc. ("Apple"), Pandora Media, Inc. ("Pandora"), and Gogii, Inc. ("Gogii").

2.      Plaintiffs downloaded applications ("apps") to their iPhone and iPad mobile devices from an Apple-sponsored website as part of the use of their mobile devices. Apple claims to review each application before offering it to its users, purports to have implemented app privacy standards, and claims to have created "strong privacy protections" for its customers. However, Plaintiffs have discovered that some of these apps have been transmitting their personal, identifying information ("PII") to advertising networks without obtaining their consent.

3.      Each Apple iPhone is encoded with an electronically readable Unique Device Identifier ("UDID"). This UDID, which cannot be blocked, altered, or deleted, is now being used by ad networks to track Plaintiffs and the Class – including what apps they download, how frequently they use the apps, and for how long. Some apps are also selling additional information to ad networks, including users' location, age, gender, income, ethnicity, sexual orientation and political views.

4.      Plaintiffs did not consent to their PII being provided to third parties, nor were they aware that these apps were able to do so.

5.      Plaintiffs allege that Defendants invaded their privacy, misappropriated and misused their personal information, and interfered with the operability of their mobile devices—conduct and consequences for which they now seek relief.

## II. PARTIES

6.      Plaintiff Jonathan Lalo (referred to herein as "Plaintiff" or collective "Plaintiffs") is a resident of Los Angeles County, California.

7.      Defendant Apple, Inc. ("Apple") is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple is the maker of the

---

Class Action Complaint                          2

1  Apple iPhone.

2      8.      Defendant Pandora, Inc. is the maker of the Pandora App and is a California

3  corporation with its principal place of business at 2101 Webster Street, Oakland, California

4  94612.

5      9.      Defendant Backflip Studios, Inc. is the maker of the Paper Toss app and is a

6  Delaware Corporation with its principal place of business in Boulder, Colorado.

7      10.     Defendant The Weather Channel, Inc. is the maker of the Weather Channel

8  iPhone app and is a Georgia Corporation with its principal place of business at 300 Interstate

9  North Parkway Southeast, Atlanta, Georgia 30339.

10      11.    Defendant Dictionary.com, LLC is the maker of the Dictionary.com iPhone app

11  and is a California Corporation with its principal place of business at 555 12th Street, Oakland,

12  California 94607.

13      12.    The defendants named above are collectively referred to in this complaint as

14  "Defendants."

15                          **III. JURISDICTION AND VENUE**

16      13.    This Court has subject-matter jurisdiction over this action pursuant to Title 28,

17  United States Code, Section 1331.

18      14.    Venue is proper in this District under Title 28, United States Code, Section

19  1391(b) because Defendants' improper conduct alleged in this complaint occurred in, was

20  directed from, and/or emanated from this judicial district. Two of the defendants are California

21  corporations with their principal places of business in this district.

22                          **IV. FACTUAL ALLEGATIONS**

23      15.    Plaintiff has owned an iPhone since the first introduction of the device.  During

24  that time, he has downloaded a number of iPhone apps, which he has backed up and migrated

25  each time he has replaced his iPhone with a new one.

26      16.    For a period range from several years to the past six months, Plaintiff has in-

27  stalled a number of apps on his iPhone, incluiding:

28

Class Action Complaint                    3

       a.     Dictionary.com

       b.     Pandora

       c.     Paper Toss

       d.     The Weather Channel

17.     Apple sets its iPhones and iPads with a UDID, which is a unique identifying number assigned to each device. UDIDs cannot be deleted or blocked by users. These UDIDs can be used to track the user of the device, including a variety of information that can be inferred based on the apps that user downloads.

18.     Apple claims that it reviews all apps available on its App Store. It states that it does not allow apps to transmit data about a user without consent.

19.     In contrast to Apple's statements, the above-listed applications acquire UDID and geographic location information from users' iPhones without users' consent and in a manner that is not apparent to users.

20.     For example, Pandora reportedly sends age, gender, location, and UDIDs to a variety of third-party ad networks. Pandora sends this information without the prior consent of its users, in violation of Apple's app rules, and a variety of state and federal laws. Pandora violates the privacy rights of its users for its own financial gain.

21.     Similarly, according to the Wall Street Journal's investigative coverage reported December 18, 2010, all of the other apps listed above transmit UDID and geographic location information, in addition to other information about users and their uses of the apps.

22.     Plaintiffs did not expect, receive notice of, or consent to Defendants' tracking of his iPhone app use and did not want Defendants to engage in such activity. Plaintiffs did not expect, receive notice of, or consent to Defendants providing his PII to any third parties.

23.     Defendants' activities were in conflict with the privacy policies and/or terms of use of the Apple app store.

24.     Defendants' actions exceeded the scope of any authorization that could have been granted by Plaintiffs at the time of downloading and using the above-listed apps.

25.     Plaintiffs' communications on the Internet, during which time Defendants used

1 | and collected their information, were electronic communications.

2 |     26.    Thus, Defendants engaged in and/or caused interception of communications

3 | without authorization.

4 |     27.    Plaintiffs consider information about their mobile commuications to be in the

5 | nature of confidential information.

6 |     28.    Plaintiffs consider information about themselves and their mobile commuica-

7 | tions to be their personal property.

8 |     29.    Plaintiffs consider information about any website they visit, or apps they down-

9 | load, to be in the nature of confidential information and personal property that they do not

10 | expect to be available to an unaffiliated company.

11 |     30.    Plaintiffs believe that the merger of this information that is likely to occur in the

12 | hands of an ad network, based on the profiling performed by ad networks, to constitute the

13 | deanonymization of their supposedly anonymous UDID and/or geographic location and there-

14 | fore, to constitute personally identifiable information.

15 |     31.    Plaintiffs did not consent to being personally identified to ad networks or for

16 | their personally identifiable information to be shared with and used on behalf of Defendants.

17 |     32.    Defendants' actions were knowing, surreptitious, and without notice and so

18 | were conducted without authorization and exceeding authorization.

19 |     33.    Defendants misappropriated Plaintiffs' personal information.

20 |     34.    Defendants' conduct caused economic loss to Plaintiffs in that their personal in-

21 | formation has discernable value, both to Defendant and to Plaintiffs.

22 |     35.    Defendants deprived Plaintiffs of and/or diminished the economic value of their

23 | personal information.

24 |     36.    Defendants used Plaintiffs' personal information for their own economic bene-

25 | fit.

26 |     37.    Plaintiffs' experiences are typical of the experiences of Class Members.

27 |     38.    The aggregated loss and damage sustained by the Class, as defined herein, in-

28 | cludes economic loss with an aggregated value of at least $5,000 during a one-year period.

---

Class Action Complaint             5

39.     Defendants perpetrated the acts and omissions set forth in this complaint through an organized campaign of deployment, which constituted a single act.

40.     Based on Defendants' actions in acquiring Plaintiffs' and Class Members' personal information, an implied contract existed between Defendants and Class Members, to which Defendants' assent may be fairly inferred, and under which contract Defendants were unjustly enriched.

41.     Plaintiffs and Class Members have been harmed by Defendants' deceptive acquisition of their personal information in the loss of their rights to use, share, and maintain the confidentiality of their information, each according to his or her own discretion.

## V.   CLASS ALLEGATIONS

42.     Pursuant to the Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3), Plaintiffs bring this action as a class action on behalf of themselves and all others similarly situated as members of the Class, defined as follows:

> All persons residing in the United States who have down-
> loaded and used one of Defendants' apps on their iPhone
> or iPad from December 1, 2008 to the date of the filing
> of this Complaint.

43.     Excluded from the Class are Defendants, their legal representatives, assigns, and successors, and any entities in which Defendants have controlling interests. Also excluded is the judge to whom this case is assigned and the judge's immediate family.

44.     The "Class Period" is December 1, 2008 to the present.

45.     Plaintiffs reserve the right to revise this definition of the Class based on facts learned in the course of litigating this matter.

46.     The Class consists of millions of individuals and other entities, making joinder impractical.

47.     The claims of Plaintiffs are typical of the claims of all other Class Members.

48.     Plaintiffs will fairly and adequately represent the interests of the other Class Members. Plaintiffs have retained counsel with substantial experience in prosecuting complex

Class Action Complaint                                    6

1   litigation and class actions. Plaintiffs and their counsel are committed to prosecuting this

2   action vigorously on behalf of Class Members and have the financial resources to do so.

3   Neither Plaintiffs nor their counsel have any interests adverse to those of the other Class

4   Members.

5       49.     Absent a class action, most Class Members would find the cost of litigating

6   their claims to be prohibitive and would have no effective remedy.

7       50.     The class treatment of common questions of law and fact is superior to multiple

8   individual actions or piecemeal litigation in that it conserves the resources of the courts and the

9   litigants, and promotes consistency and efficiency of adjudication.

10      51.     Defendants have acted and failed to act on grounds generally applicable to

11  Plaintiffs and other Class Members, requiring the Court's imposition of uniform relief to

12  ensure compatible standards of conduct toward the Class Members.

13      52.     The factual and legal bases of Defendants' liability to Plaintiff and other Class

14  Members are the same, resulting in injury to Plaintiff and all of the other Class Members.

15  Plaintiff and other Class Members have all suffered harm and damages as a result of Defen-

16  dants' wrongful conduct.

17      53.     There are many questions of law and fact common to Plaintiffs and the Class

18  Members and those questions predominate over any questions that may affect individual Class

19  Members. Common questions for the Class include, but are not limited to the following:

20          a.      whether Defendants, without authorization, tracked and compiled in-

21  formation to which Class Members enjoyed rights of possession superior to those of Defen-

22  dants;

23          b.      whether Defendants, without authorization, created personally identifi-

24  able profiles of Class Members;

25          c.      Whether Defendants violated: (i) the Computer Fraud and Abuse Act,

26  18 U.S.C. § 1030; (ii) the Electronic Communications Privacy Act, 18 U.S.C. § 2510; (iii)

27  California Business and Professions Code § 17200; (iv) The Consumer Legal Remedies Act,

28  Cal. Civ. Code § 1750; and (v) other violations of common law.

Class Action Complaint                    7

1           d.     Whether Defendants misappropriated valuable information assets of

2  Class Members;

3           e.     Whether Defendants created or caused or facilitated the creation of per-

4  sonally identifiable consumer profiles of Class Members;

5           f.     Whether Defendants continue to retain and/or sell, valuable information

6  assets from and about Class Members;

7           g.     What uses of such information were exercised and continue to be exer-

8  cised by Defendants;

9           h.     Whether Defendants invaded the privacy of Class Member; and

10           i.     Whether Defendants have been unjustly enriched.

11      54.     The questions of law and fact common to Class Members predominate over any

12  questions affecting only individual members, and a class action is superior to all other avail-

13  able methods for the fair and efficient adjudication of this controversy.

14  <center>**VI.  CLAIMS FOR RELIEF**</center>

15      55.     Based on the foregoing allegations, Plaintiffs' claims for relief include the

16  following:

17  <center>**COUNT I**</center>

18  <center>**Violations of the Computer Fraud and Abuse Act,**</center>

19  <center>**18 U.S.C § 1030, *et seq.***</center>

20      56.     Plaintiffs incorporates the above allegations by reference as if fully set forth

21  herein.

22      57.     The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, referred to as "CFAA,"

23  regulates fraud and related activity in connection with computers, and makes it unlawful to

24  intentionally access a computer used for interstate commerce or communication, without

25  authorization or by exceeding authorized access to such a computer, thereby obtaining infor-

26  mation from such a protected computer, within the meaning of U.S.C. § 1030(a)(2)(C).

27      58.     Defendants violated 18 U.S.C. 1030 by intentionally accessing Plaintiff's and

28  Class Members' computers without authorization or by exceeding authorization, thereby

1    obtaining information from such a protected computer.

2         59.    The CFAA, 18 U.S.C. § 1030(g) provides a civil cause of action to "any person

3    who suffers damage or loss by reason of a violation of CFAA.

4         60.    The CFAA, 18 U.S.C. § 1030(a)(5)(A)(i) makes it unlawful to "knowingly

5    cause the transmission of a program, information, code, or command and as a result of such

6    conduct, intentionally cause damage without authorization, to a protected computer," of a loss

7    to one or more persons during any one-year period aggregating at least $5,000 in value.

8         61.    Plaintiff's computer is a "protected computer . . . which is used in interstate

9    commerce and/or communication" within the meaning of 18 U.S.C. § 1030(e)(2)(B).

10        62.    Defendants violated 18 U.S.C. § 1030(a)(5)(A)(i) by knowingly causing the

11   transmission of a command to be downloaded to Plaintiff's computer, which is a protected

12   computer as defined above. By storing LSOs and executing browser-history sniffing code to

13   access collect, and transmits details of Plaintiff's web activities and communications, Defen-

14   dants intentionally caused damage without authorization to those Class Members' computers

15   by impairing the integrity of the computers.

16        63.    Defendants violated 18 U.S.C. 1030(a)(5)(A)(ii) by intentionally accessing

17   Plaintiff's and Class Members' protected computers without authorization, and as a result of

18   such conduct, recklessly caused damage to Plaintiff's and Class Members computers by

19   impairing the integrity of data and/or system and/or information.

20        64.    Defendants violated 18 U.S.C. 1030 (a)(5)(A)(iii) by intentionally accessing

21   Plaintiff and Class Members' protected computers without authorization, and as a result of

22   such conduct, caused damage and loss to Plaintiff and Class Members.

23        65.    Plaintiff and Class Members suffered damage by reason of these violations, as

24   defined in 18 U.S.C. 1030(e)(8), by the "impairment to the integrity or availability of data, a

25   program, a system or information."

26        66.    Plaintiff and Class Members have suffered loss by reason of these violations, as

27   defined in 18 U.S.C. 1030(e)(11), by the "reasonable cost . . . including the cost of responding

28   to an offense, conducting a damage assessment, and restoring the data, program, system, or

Class Action Complaint                          9

1    information to its condition prior to the offense, and any revenue lost, cost incurred, or other

2    consequential damages incurred because of interruption of service."

3        67.    Plaintiff and Class Members have suffered loss by reason of these violations,

4    including, without limitation, violation of the right of privacy, and disclosure of personal

5    information that is otherwise private, confidential, and not of public record.

6        68.    As a result of these takings, Defendants' conduct has caused a loss to one or

7    more persons during any one-year period aggregating at least $5,000 in value in real economic

8    damages.

9        69.    Plaintiff and Class Members have additionally suffered loss by reason of these

10   violations, including, without limitation, the right of privacy.

11       70.    Defendants' unlawful access to Plaintiff's and Class Members' computers and

12   electronic communications has caused Plaintiff and Class Members irreparable injury. Unless

13   restrained and enjoined, Defendants will continue to commit such acts. Plaintiff's and Class

14   Members' remedy at law is not adequate to compensate it for these inflicted and threatened

15   injuries, entitling Plaintiff and Class Members to remedies including injunctive relief as pro-

16   vided by 18 U.S.C. § 1030(g).

17                                    **COUNT II**

18           **Violations of the Electronic Communications Privacy Act,**

19                          **18 U.S.C. § 2510,** *et seq.*

20       71.    Plaintiff incorporates the above allegations by reference as if fully set forth

21   herein.

22       72.    The Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510, re-

23   ferred to as "ECPA," regulates wire and electronic communications interception and intercep-

24   tion of oral communications, and makes it unlawful for a person to "willfully intercept [],

25   endeavor [] to intercept, or procure . . . any other person to intercept or endeavor to intercept

26   any wire, oral, or electronic communication," within he meaning of 18 U.S.C. § 2511(1).

27       73.    Defendants violated 18 U.S.C. § 2511 by intentionally acquiring and/or

28   intercepting, by device or otherwise, Plaintiff and Class members' electronic communications,

---

Class Action Complaint                        10

1   without knowledge, consent, or authorization.

2       74.    The contents of data transmissions from and to Plaintiff and Class Members'

3   personal computers constitute "electronic communications" within the meaning of 18 U.S.C. §

4   2510.

5       75.    Plaintiff is a "person whose . . . electronic communication is intercepted . . . or

6   intentionally used in violation of this chapter" within the meaning of 18 U.S.C. § 2520.

7       76.    Defendants violated 18 U.S.C. § 2511(1)(a) by intentionally intercepting, en-

8   deavoring to intercept, or procuring any other person to intercept or endeavor to intercept

9   Plaintiff's electronic communications.

10      77.    Defendants violated 18 U.S.C. 2511(1)(c) by intentionally disclosing, or en-

11  deavoring to disclose, to any other person, the contents of Plaintiff's electronic communica-

12  tions, knowing or having reason to know that the information was obtained through the inter-

13  ception of Plaintiff's electronic communications.

14      78.    Defendants violated 18 U.S.C. § 2511(1)(d) by intentionally using or endeavor-

15  ing to use, the contents of Plaintiff's electronic communications, knowing of having reason to

16  know that the information obtained through the interception of Plaintiff's electronic communi-

17  cations.

18      79.    Defendants' intentional interception of these electronic communications was

19  without Plaintiff or the Class Members' knowledge, consent, or authorization and was under-

20  taken without a facially valid court order or certification.

21      80.    Defendants' intentional interception of these electronic communications was

22  without the knowledge, consent, or authorization of the publishers' websites with which

23  Plaintiff and Class Members were communicating and was undertaken without a facially valid

24  court order or certification.

25      81.    Defendants intentionally used such electronic communications, with knowl-

26  edge, or having reason to know, that the electronic communications were obtained through

27  interception, for an unlawful purpose.

28      82.    Defendants unlawfully accessed and used, and voluntarily disclosed, the con-

Class Action Complaint                    11

1   tents of the intercepted communications to enhance their profitability and revenue through

2   advertising. This disclosure was not necessary for the operation of Defendants' systems or to

3   protect Defendants' rights or property.

4       83.    The Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2520(a) pro-

5   vides a civil cause of action to "any person whose wire, oral, or electronic communications is

6   intercepted, disclosed, or intentionally used" in violation of ECPA.

7       84.    Defendants are liable directly and/or vicariously for this cause of action. Plain-

8   tiff therefore seeks remedy as provided for by 18 U.S.C. § 2520, including such preliminary

9   and other equitable or declaratory relief as may be appropriate, damages consistent with

10  subsection (c) of that section to be proven at trial, punitive damages to be proven at trial, and a

11  reasonable attorney's fees and other litigation costs reasonably incurred.

12      85.    Plaintiff and Class Members have additionally suffered loss by reason of these

13  violations, including, without limitation, violation of the right of privacy.

14      86.    Plaintiff and the Class, pursuant to 18 U.S.C. § 2520, are entitled to prelimi-

15  nary, equitable, and declaratory relief, in addition to statutory damages of the greater of

16  $10,000 or $100 per day for each day of violation, actual and punitive damages, reasonable

17  attorneys' fees, and Defendants' profits obtained from the above described violations. Unless

18  restrained and enjoined, Defendants will continue to commit such acts. Plaintiff's remedy at

19  law is not adequate to compensate it for these inflicted and threatened injuries, entitling Plain-

20  tiff to remedies including injunctive relief as provided by 18 U.S.C. 2510.

21  <div align="center">**COUNT III**</div>

22  <div align="center">**Violations of the Unfair Competition Law (UCL)**</div>

23  <div align="center">**California Business and Professions Code § 17200, *et seq.***</div>

24      87.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

25      88.    In violation of California Business and Professions Code, Section 17200 *et seq.*,

26  Defendant's conduct in this regard is ongoing and includes, but is not limited to, statements

27  made by Defendant and Defendant's omissions, including as set forth above.

28      89.    By engaging in the above-described acts and practices, Defendant has commit-

ted one or more acts of unfair competition within the meaning of the Unfair Competition Law and, as a result, Plaintiff and the Class have suffered injury-in-fact and have lost money and property—specifically, personal information; the expenses of investigation, mitigation, and remediation; and the opportunity cost of having installed and used Defendant's software.

***Unlawful Business Act and Practices***

90.    Defendant's business acts and practices are unlawful, in part, because they violate California Business and Professions Code, Section 17500, *et seq.*, which prohibits false advertising, in that they were untrue and misleading statements relating to Defendant's performance of services and with the intent to induce consumers to enter into obligations relating to such services, and regarding which statements Defendant knew or which, and by the exercise of reasonable care Defendant should have known, were untrue and misleading.

91.    Defendant's business acts and practices are also unlawful in that they violate the California Consumer Legal Remedies Act, California Civil Code, Section 1750, *et seq.*; Title 18, United States Code, Section 1030, *et. seq.*; and Title 18, United States Code, Section 2701, *et. seq.* Defendant is therefore in violation of the unlawful prong of the Unfair Competition Law.

92.    Defendant's business acts and practices are also unlawful in that they violate the California Constitution, Article 1, Section 1, which articulates the inalienable right to pursue and obtain privacy, in that, through Toolbar, Defendant willfully interfered with and obstructed users' rights and actual attempts to pursue and obtain the privacy promised by Defendant as an inducement for users to install Toolbar.

***Unfair Business Act and Practices***

93.    Defendant's business acts and practices are unfair because they have caused harm and injury-in-fact to Plaintiff and Class Members and for which Defendant has no justification other than to increase, beyond what Defendant would have otherwise realized, its information assets supportive of its advertising revenue.

94.    Defendant's conduct lacks reasonable and legitimate justification in that Defendant has benefited from such conduct and practices while Plaintiff and the Class members

Class Action Complaint                     13

have been misled as to the nature and integrity of Defendant's products and services and have, in fact, suffered material disadvantage regarding their interests in the privacy and confidentiality of their personal information. Defendant's conduct offends public policy in California tethered to the Consumer Legal Remedies Act, the state constitutional right of privacy, and California statutes' recognition of the need for consumers to be information and equipped to protect their own privacy interests, such as California Civil Code, Section 1798.8, such that consumers may make informed decisions in their choices of merchants and other means of safeguarding their privacy.

95.    In addition, Defendant's *modus operandi* constitutes a sharp practice in that Defendant knew and should have known that consumers care about the status of personal information and privacy but are unlikely to be aware of and able to detect the means by which Defendant was conducting itself in a manner adverse to its commitments and its users' interests, through the undisclosed functions of Toolbar. Defendant is therefore in violation of the unfair prong of the Unfair Competition Law.

96.    Defendant's acts and practices were fraudulent within the meaning of the Unfair Competition Law because they were likely to mislead the members of the public to whom they were directed.

97.    Plaintiff, on behalf of himself and on behalf of each member of the Class, seeks restitution, injunctive relief, and other relief allowed under the Unfair Competition Law.

**COUNT IV**

**Violations of the Consumer Legal Remedies Act (CLRA),**

**California Civil Code § 1750, *et seq.***

98.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

99.    In violation of Civil Code, Section 1750, *et seq.*, Defendant has engaged and is engaging in unfair and deceptive acts and practices in the course of transactions with Plaintiff, and such transactions are intended to and have resulted in the sales of services to consumers. Plaintiff and the Class Members are consumers as that term is used in the Consumer Legal Remedies Act because they sought or acquired Defendant's good or services for personal,

---

Class Action Complaint                          14

family, or household purposes. Defendant's past and ongoing acts and practices include but are not limited to:

100. Defendant's representations that their services have characteristics, uses, and benefits they do not have, in violation of Civil Code, Section 1770(a)(5);

101. Defendant's representations that their services are of a particular standard, quality and grade but are of another standard quality and grade, in violation of Civil Code, Section 1770(a)(7); and

102. Defendant's advertisement of services with the intent not to sell those services as advertised, in violation of Civil Code, Section 1770(a)(9);

103. Defendant's violations of Civil Code, Section 1770 have caused damage to Plaintiff and the other Class members and threaten additional injury if the violations continue. This damage includes the injuries and losses set forth above

104. At this time, Plaintiff seeks only injunctive relief under this cause of action. Pursuant to Civil Code, Section 1782, in conjunction with the filing of this action, Plaintiff will notify Defendant in writing of the particular violations of Civil Code, Section 1770 and demand that Defendant rectify the problems associated with their behavior detailed above, which acts and practices are in violation of Civil Code, Section 1770.

105. If Defendant fails to respond adequately to Plaintiff's above-described demand within 30 days of Plaintiff's notice, pursuant to Civil Code, Section 1782(b), Plaintiff will amend the complaint to request damages and other relief, as permitted by Civil Code, Section 1780.

## COUNT V

### Unjust Enrichment

106. Plaintiff incorporates the above allegations by reference as if fully set forth herein.

107. A benefit has been conferred upon Defendants by Plaintiff and the Class whereby Defendants, directly or indirectly, have received and retained information regarding

1    online communications and activity of Plaintiff and Class Members. Defendants have received

2    and retained information regarding specific reading and communications content that is other-

3    wise private, confidential, and not of public record, and/or has received revenue from the

4    provision of such information.

5        108.    Defendants appreciate and/or have knowledge of said benefit.

6        109.    Under principles of equity and good conscience, Defendants should not be

7    permitted to retain the information and/or revenue that they acquired by virtue of their unlaw-

8    ful conduct. All funds, revenue, and benefits received by Defendants rightfully belong to

9    Plaintiff and the Class, which Defendants have unjustly received as a result of their actions.

10       110.    Plaintiff and Class Members have no adequate remedy at law.

11                              **VII.  DEMAND FOR RELIEF**

12       WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays

13   for judgment against Defendants and that the Court may:

14   A.     certify this case as a Class action on behalf of the Class defined above, appoint

15          Plaintiff as Class representative, and appoint his counsel as Class counsel;

16   B.     declare that Defendants' actions violate the statutes and common-law jurispru-

17          dence set forth above;

18   C.     award injunctive and equitable relief as applicable to the Class *mutatis mutan-*

19          *dis*, including:

20          i.     prohibiting Defendants from engaging in the acts alleged above;

21          ii.    requiring Defendants to provide reasonable notice and choice to con-

22                 sumers regarding Defendants' data collection, profiling, merger, and de-

23                 anonymization activities;

24          iii.   requiring Defendants to disgorge to Plaintiff and Class Members or to

25                 whomever the Court deems appropriate all of Defendants' ill-gotten

26                 gains;

27          iv.    requiring Defendants to delete all data from and about Plaintiff and

28                 Class Members that it collected and/or acquired from third parties

---

Class Action Complaint                              16

1    through the acts alleged above;

2    v.    requiring Defendants to provide Plaintiff and other Class Members rea-

3          sonable means to decline, permanently, participation in Defendants' col-

4          lection of data from and about them;

5    vi.   awarding Plaintiff and Class Members full restitution of all benefits

6          wrongfully acquired by Defendants through the wrongful conduct al-

7          leged above; and

8    vii.  ordering an accounting and constructive trust to be imposed on the data

9          from and about Plaintiff and Class Members and on funds or other as-

10         sets obtained by unlawful means as alleged above, to avoid dissipation,

11         fraudulent transfers, and/or concealment of such assets by Defendants;

12   D.    award damages, including statutory damages where applicable, to Plaintiff and

13         Class Members in an amount to be determined at trial;

14   E.    award restitution against Defendants for all money to which Plaintiff and the

15         Class are entitled in equity;

16   F.    restrain, by preliminary and permanent injunction, Defendants, its officers,

17         agents, servants, employees, and attorneys, and those participating with them in

18         active concert, from identifying Plaintiff and Class Members online, whether by

19         personal or pseudonymous identifiers, and from monitoring, accessing, collect-

20         ing, transmitting, and merging with data from other sources any information

21         from or about Plaintiff and Class Members;

22   G.    award Plaintiff and the Class their reasonable litigation expenses and attorneys'

23         fees; pre- and post-judgment interest to the extent allowable; restitution; dis-

24         gorgement and other equitable relief as the Court deems proper; compensatory

25         damages sustained by Plaintiff and the Class; statutory damages, including pu-

26         nitive damages; and permanent injunctive relief prohibiting Defendant from

27         engaging in the conduct and practices complained of herein; and

28   for such other and further relief as this Court deems just and proper.

Class Action Complaint                    17

Respectfully submitted,

DATED: December 23, 2010

KAMBERLAW, LLC
KAMBERLAW, LLP

By: _____
AVI KREITENBERG
One of the Attorneys for Plaintiff,
individually and on behalf of a class of
similarly situated individuals

Scott A. Kamber
skamber@kamberlaw.com
David A. Stampley
dstampley@kamberlaw.com
KamberLaw, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:      (212) 920-3072
Facsimile:      (212) 920-3081

Avi Kreitenberg (SBN 266571)
akreitenberg@kamberlaw.com
KamberLaw, LLP
1180 South Beverly Drive, Suite 601
Los Angeles, California 90035
Telephone:      (310) 400-1050
Facsimile:      (310) 400-1056

Attorneys for Plaintiff

1

## JURY TRIAL DEMAND

2          Plaintiff hereby demands a trial by jury of all issues so triable.

3    Respectfully submitted,

4    DATED: December 23, 2010              KAMBERLAW, LLC
                                           KAMBERLAW, LLP
5

6                                          By: _____
                                           AVI KREITENBERG
7                                          One of the Attorneys for Plaintiff,
                                           individually and on behalf of a class of
8                                          similarly situated individuals

9

10   Scott A. Kamber
     skamber@kamberlaw.com
11   David A. Stampley
     dstampley@kamberlaw.com
12   KamberLaw, LLC
     100 Wall Street, 23rd Floor
13   New York, New York 10005
     Telephone:     (212) 920-3072
14   Facsimile:     (212) 920-3081

15
     Avi Kreitenberg (SBN 266571)
16   akreitenberg@kamberlaw.com
     KamberLaw, LLP
17   1180 South Beverly Drive, Suite 601
     Los Angeles, California 90035
18   Telephone:     (310) 400-1050
     Facsimile:     (310) 400-1056
19
20   Attorneys for Plaintiff

21

22

23

24

25

26

27

28

Class Action Complaint                    19