Michael L. Charlson (Bar No. 122125)
Maren J. Clouse (Bar No. 228726)
HOGAN LOVELLS US LLP
525 University Avenue, 4th Floor
Palo Alto, California  94301
Telephone:      (650) 463-4000
Facsimile:      (650) 463-4199
michael.charlson@hoganlovells.com
maren.clouse@hoganlovells.com

Christopher Wolf (Admitted *Pro Hac Vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC  20004
Telephone:      (202) 637-5600
Facsimile:      (202) 637-5910
christopher.wolf@hoganlovells.com

Clayton C. James (Admitted *Pro Hac Vice*)
HOGAN LOVELLS US LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, Colorado  80202
Telephone:      (303) 899-7300
Facsimile:      (303) 899-7333
clay.james@hoganlovells.com

Attorneys for Defendant
APPLE INC., a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN LALO, Individually and On Behalf of a Class of Similarly Situated Individuals. <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., a California Corporation; BACKFLIP, a Delaware Corporation; DICTIONARY.COM, a California Corporation; PANDORA, INC., a California Corporation; THE WEATHER CHANNEL, a Georgia Corporation, <br><br> Defendants. | Case No.  CV 10-5878 LHK <br><br> **NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING** <br><br><br> Honorable Lucy H. Koh |

Hogan Lovells US LLP
Attorneys At Law
Palo Alto

\\\029613/000034 - 64052 v1

NOTICE OF PENDENCY OF OTHER
ACTION OR PROCEEDING
Case No. CV 10-5878 LHK

1   Pursuant to Local Rule 3-13, Defendant Apple Inc., a California corporation ("Apple"),

2   submits this Notice of Pendency of Other Action or Proceeding to give notice of the following

3   action: *Leah Thompson and Patricia Harp, Plaintiffs, v. Apple, Inc., Defendant,* Case No. 11-

4   3009, pending in U.S. District Court for the Western District of Arkansas.  The action was

5   removed to the U.S. District Court on February 3, 2011;[1] it was originally filed in the Circuit

6   Court of Carroll County, Arkansas on January 4, 2011, Case No. CV 2011-2.[2]

7   The *Thompson* action is a putative class action purportedly brought on behalf of iPhone

8   users in Arkansas.  The only named defendant is Apple, and the plaintiff class seeks to recover for

9   alleged violation of privacy rights based on supposed access and alteration of users' iPhones by

10  applications that can be downloaded by users from Apple's App Store.

11  The *Thompson* action is related to this action and the related actions *Freeman, et al. v.*

12  *Apple, Inc., et al.,* Case No. CV 10-5881 LHK (N.D. Cal.),[3] and *Chiu v. Apple, Inc., et al.,* Case

13  No. CV 11-00407 LHK (N.D. Cal.) and *Daniel Rodimer, et al. v. Apple, Inc., et al.,* Case No. CV

14  11-0700 PSG (N.D. Cal.).[4]

15  The actions all arise from the same or substantially identical transactions, happenings or

16  events, and call for determination of the same or substantially identical questions and fact, and

17  related questions of law.  In particular, the actions involve allegations that certain applications

18  that can be downloaded by users to work on iPhone devices capture and abuse personal

19  identifying information of iPhone users.  Apple is a defendant in this action and the other actions,

20  which are also brought against certain alleged developers of iPhone applications and their

21  affiliates.  The alleged capture and abuse of user information from users' iPhones is claimed in all

22  the actions to constitute violations of various statutes and common law principles concerning

23  personal privacy and consumer protection.

---

[1]  A copy of the Notice of Removal is attached as Exhibit 1.

[2]  A copy of the *Thompson* Complaint is attached as Exhibit A to the Notice of Removal.

[3]  *See* Related Case Order, filed Feb. 9, 2011 (Docket No. 15), finding that the *Freeman* action and this action are related.

[4]  *See* Administrative Motion to Consider Whether Cases Should Be Related, filed Feb. 18, 2011 (Docket No. 28), giving notice of the *Chiu* and *Rodimer* actions.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
PALO ALTO

\\\029613/000034 - 64052 v1

1

NOTICE OF PENDENCY OF OTHER
ACTION OR PROCEEDING
Case No. CV 10-5878 LHK

1        For the foregoing reasons, coordinated pretrial proceedings for Multidistrict Litigation,

2 pursuant to 28 U.S.C. § 1407, or other coordination may be appropriate to avoid conflicts,

3 conserve resources, and promote an efficient determination of the actions.

4

5 Dated: February 23, 2011                HOGAN LOVELLS US LLP

6                           By: _/s/ Michael L. Charlson_____

7                                Michael L. Charlson

8                         Attorneys for Defendant
                        APPLE INC., a California corporation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

\\\029613/000034 - 64052 v1

2

NOTICE OF PENDENCY OF OTHER
ACTION OR PROCEEDING
Case No. CV 10-5878 LHK

# EXHIBIT 1

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 0 3 2011

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## *HARRISON DIVISION*

**LEAH THOMPSON and
PATRICIA HARP**

**PLAINTIFFS**

VS.                    NO. _//- 3009_

**APPLE INC.**

**DEFENDANT**

## NOTICE OF REMOVAL

TO:    W.H. Taylor
       William B. Putnam
       Taylor Law Partners
       303 E. Millsap Road
       P.O. Box 8310
       Fayetteville, AR 72703

       1.     You are notified that the case of *Leah Thompson and Patricia Harp v. Apple,*

*Inc.* formerly pending in the Circuit Court of Carroll County, Arkansas, Case No. CV-2011-

2, is hereby removed to the United States District Court for the Western District of Arkansas,

Harrison Division.

       2.     You are notified that this Notice of Removal is filed on February 3, 2011 in the

United States District Court for the Western District of Arkansas, Harrison Division, all as

provided by law.

       3.     You are also notified that a copy of this Notice of Removal is being submitted

for filing with the Clerk of the Circuit Court of Carroll County, Arkansas, in accordance with

28 U.S.C. § 1446(d). These papers are being served on you as attorney for the putative lead plaintiffs, Leah Thompson and Patricia Harp, in this putative class action.

4.    This Notice of Removal is filed within thirty (30) days (or the first filing day thereafter) of the first delivery of summons and complaint to defendant Apple, Inc. ("Apple"). Copies of the summons and the complaint are attached to the Notice as Exhibit A, these constituting all the process and pleadings that have been delivered to defendant.

5.    Plaintiffs instituted this action by filing a complaint in the Circuit Court of Carroll County on January 4, 2011. A Summons dated January 4, 2011 was served at the Little Rock, Arkansas address of Apple's registered agent, CT Corporation, by registered mail received on January 11, 2011.

6.    This is a civil action of which this Court has original jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2)(A), because this is a putative class action in which the named plaintiffs are residents of the State of Arkansas and defendant Apple is a California Corporation with its principal place of business in Cupertino, California. Therefore, this is an action in which a member of a putative class of plaintiffs is a citizen of a State different from the sole defendant, Apple. Plaintiffs concede that Apple "is not an Arkansas citizen for purposes of federal court diversity analysis." (Class Action Complaint at ¶3.)

7.    Apple disputes Plaintiffs' claims, believes the Complaint lacks merit, and denies that Plaintiffs or the putative class members have been harmed in any way. Nonetheless, and despite Plaintiffs' attempts by "stipulation" to unilaterally and arbitrarily cap the aggregate recovery on behalf of an entire putative class of unknown persons, the amount in controversy

in this case exceeds $5 million. The defendant's burden in establishing the amount in
controversy is not high. The relevant jurisdictional fact "is not whether the damages are
greater than the requisite amount, but whether a fact finder might legally conclude that they
are." *Kopp v. Kopp*, 280 F.3d 828, 885 (8ᵗʰ Cir 2005) (emphasis supplied). If a fact finder
could legally conclude that the class damages and other recoverable items (including attorney's
fees and punitive damages) exceed $5 million upon finding the Defendant liable for the
asserted claims, remand is inappropriate. Rather, remand is allowed only if Plaintiffs "can
establish that it is legally impossible to recover in excess of the jurisdictional minimum." *Bell
v. Hershey*, 557 F.3d 953, 959 (8ᵗʰ Cir. 2009).

     8.    In this case, Plaintiffs attempt to evade federal jurisdiction by purporting to
stipulate that they will not seek damages or a total recovery of more than $5 million on behalf
of the entire class that they claim to represent. Although Plaintiffs may have the right to limit
their own recovery by stipulation, they have no such right with respect to unknown members
of a currently uncertified class. As Judge Smith in the Western District of Missouri observed
in this same context, "Plaintiff is not merely asserting her claims: she is also asserting the
claims of a class. Plaintiff has no right to limit or compromise the recovery of the class
without Court approval, particularly before she has been approved as a representative of the
class." *Bass v. CarMax*, No. 07-0883, 2008 WL 441962, at *2 (W.D. Mo. 2008)

     9.    Apple contests liability and Plaintiffs' damage claim in every particular.
However, it is not *legally impossible* that a fact finder could award more than the jurisdictional
amount were Plaintiffs to prevail. Plaintiffs purport to assert claims on behalf of a proposed
statewide class potentially comprised of all people who have owned an Apple iPhone in the

three years prior to the filing of Plaintiffs' lawsuit and have represented that "the Class is comprised of thousands of persons located across Arkansas." (Class Action Complaint at ¶19.)

10.     Plaintiffs allege that "Defendant has designed all versions of its iPhones and their operating systems to freely permit and disseminate information without the knowledge and consent of Plaintiffs and Class Members," (Class Action Complaint at ¶8) and seek compensation in order "to prevent Defendant Apple from receiving unjust enrichment" (Class Action Complaint at ¶45) from such alleged activities. Plaintiffs also allege that Apple "should be held jointly and severally liable for Plaintiffs' and Class Members' damages sustained as a result of the unlawful conspiracy with unnamed co-conspirators." (Class Action Complaint at ¶44). Further, punitive damages are a possible remedy for their asserted claim for civil conspiracy.

11.     According to Apple's records, in excess of 250,000 iPhones have been registered by customers in the State of Arkansas. Apple's retail prices for iPhones in the United States have generally ranged from $199 to $599 or more, depending on carrier subsidies and storage capacity, for the then-current models of iPhone (with some models priced at $99 for some period following the introduction of newer models). Under Plaintiffs' own allegations, theories and prayers for relief, if proven, potential damages and attorneys' fees for the putative class plainly would not be constitutionality or otherwise legally limited to less than $5 million in the aggregate.

12.     The United States District Court for the Western District of Arkansas, Harrison Division, embraces the county in which the state court action is now pending, and thus, this

Court is a proper venue for this action pursuant to 28 U.S.C. § 83. This action may be removed to this Court pursuant to 28 U.S.C. § 1441.

13.     The undersigned states that this removal is well grounded in fact and is warranted by existing law, and is not interposed for improper purpose.

WHEREFORE, defendant Apple, Inc. removes this action from the Circuit Court of Carroll County, Arkansas, to the United States District Court for the Western District of Arkansas, Harrison Division, and seeks resolution by this Court of all issues raised herein.

<div style="margin-left: 40%;">

WRIGHT, LINDSEY & JENNINGS LLP
903 North 47th Street, Suite 101
Rogers, Arkansas 72756
(479) 986-0888
Fax: (479) 986-8932
Email: mkaemmerling@wlj.com
          pmorris@wlj.com

By _____

   Michelle M. Kaemmerling (2001227)
   Paul D. Morris (2001238)
   *Attorneys for Defendant Apple, Inc.*

</div>

## CERTIFICATE OF SERVICE

On February 3, 2011, a copy of the foregoing was served by U.S. mail on:

W.H. Taylor
William B. Putnam
Taylor Law Partners
303 E. Millsap Road
P.O. Box 8310
Fayetteville, AR 72703

Matt Keil, #86099
John C. Goodson, #90018
Keil & Goodson P.A.
406 Walnut Street
Texarkana, Arkansas 71854

Paul D. Morris

## SUMMONS

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS (EASTERN DISTRICT)

PLAINTIFF:     Leah Thompson and Patricia Harp

    vs.     CASE NO. CV-2011-2_____

DEFENDANT:  Apple, Inc.

PLAINTIFF'S ATTORNEY:     W. H. Taylor
ADDRESS:     P.O. Box 8310
    Fayetteville, AR 72703

THE STATE OF ARKANSAS TO DEFENDANT:     Apple, Inc.
ADDRESS:

## NOTICE

1. You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached complaint.

2. The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

B. It must be filed in the court clerk's office within twenty (20) days from the day you were served with this summons; OR within thirty (30) days if you are a non-resident of this state or a person incarcerated in any jail, penitentiary, or other correctional facility in this state.

3. If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

4. Additional notices:

WITNESS MY HAND AND SEAL OF COURT this the _9_ day of _January_, 20_11_.

    RAMONA WILSON, Circuit Clerk
    Carroll County Courthouse (Eastern)
    210 W. Church Avenue
    Berryville, AR 72616
(SEAL)    By: _Stepe Arnold_
    Deputy Clerk

STATE OF ARKANSAS
COUNTY OF CARROLL

On this _____ day of _____, 20_____, I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within-named:_____

Sheriff's costs _____     Sheriff/Deputy or Server pursuant to Rule 45 of the Arkansas Rules of Civil Procedure



IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

LEAH THOMPSON and
PATRICIA HARP                                                                    PLAINTIFFS

vs.                              Case No. CV 2011-2

APPLE INC.                                                                       DEFENDANT

## CLASS ACTION COMPLAINT

Comes now Plaintiffs Leah Thompson and Patricia Harp ("Plaintiffs"), Individually and

on behalf of a Class of Similarly Situated Individuals, and for their complaint against Defendant

Apple Inc. ("Apple" or "Defendant") state the following:

### Parties, Jurisdiction and Venue

1.      Plaintiffs are residents of Carroll County, Arkansas.  A substantial part of the

events or omissions giving rise to Plaintiffs' claims occurred in this jurisdiction.

2.      Defendant Apple Inc. is a California corporation with its principal place of

business in California.  Defendant may be served by and through its Arkansas registered agent

for service, The Corporation Company, 124 West Capitol Avenue, Ste. 1900, Little Rock,

Arkansas 72201.

3.      This Court has subject matter jurisdiction over this action because the amount in

controversy exceeds the minimum jurisdictional limits of the Court.  Defendant is not an

Arkansas citizen for purposes of federal court diversity analysis.  However, no Plaintiff's or

individual Class Member's claim is equal to or greater than seventy-five thousand dollars

($75,000), inclusive of costs and attorneys fees.  Moreover, the total damages of Plaintiffs and

the Class, inclusive of costs and attorneys' fees, do not exceed five million dollars ($5,000,000),

and Plaintiffs and the Class stipulate that they will not seek to recover an amount in excess of

that amount. As such, there is neither diversity nor Class Action Fairness Act jurisdiction for these claims in federal court. Pursuant to Arkansas Rule of Civil Procedure 8(a), this pleading demands unliquidated damages. Accordingly, it is intended, and shall by rule be interpreted, to limit recovery to an amount less than that required for diversity jurisdiction in federal court. Pursuant to Arkansas Rule of Civil Procedure 8(a), this pleading demands unliquidated damages. Accordingly, it is intended, and shall by rule be interpreted, to limit recovery to an amount less than that required for diversity jurisdiction in federal court.

4.     This Court has personal jurisdiction over Apple pursuant to Arkansas Code Annotated §16-4-101 as Apple has had more than minimum contact with the State of Arkansas and has availed itself of the privilege of conducting business in this state. In addition, as explained below, Apple has committed affirmative acts within the State of Arkansas that give rise to civil liability.

5.     Venue is proper in this forum pursuant to Arkansas Code Annotated § 16-55-213(a) and § 5-41-105 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this county.

## Factual Background

6.     This case is about Defendant's intentional violation of the privacy rights of Plaintiffs and other Class Members by committing computer trespass and an unlawful act regarding a computer in violation of Arkansas law. *See* Ark. Code Ann. § 5-41-101, *et seq.*; *see also* Ark. Code Ann. § 5-41-201 *et seq.*

7.     Each Plaintiff owns an iPhone that has been affected by Apple's wrongful conduct as described herein.

8.    Defendant has designed all versions of its iPhones and their operating systems to freely permit and disseminate information without the knowledge and consent of Plaintiffs and Class Members. The iPhone smartphones utilize and permit the installation of computer code designed to extract information about Plaintiffs and Class Members and to track Plaintiffs' and Class Members' activities. These codes are installed on smartphones in Arkansas by Defendant and by application designers using and selling applications with Defendant's knowledge and consent.

9.    Apple purports to limit what can be installed on an iPhone by requiring iPhone applications to be offered exclusively through its App Store. Apple reviews those apps for function, offensiveness and other criteria. Apple says iPhone apps "cannot transmit data about a user without obtaining the user's prior permission and providing the user with access to information about how and where the data will be used."[1] But this assertion is inaccurate.

10.    Specifically, Plaintiffs allege that Apple has secretly, intentionally, and without authorization accessed and altered, and allowed to be accessed and altered, Plaintiffs' and Class Members' smartphones in order to acquire data about them and their activities. Further, Apple has intentionally implanted, and allowed to be implanted, a "computer contaminate" into Plaintiffs' and Class Members' smartphones.

11.    Plaintiffs also assert that Defendant extracts and receives information from iPhone smartphones running for its own pecuniary interest.

12.    Defendant's pervasive and clandestine actions in accessing Plaintiffs' and Class Members' computers in Arkansas, and its tracking of Plaintiffs' and Class Members' internet activity, violates Plaintiffs' and Class Members' reasonable expectations of privacy, as well as

[1]

http://online.wsj.com/article/SB10001424052748704694004576020083703574602.html?mod=g ooglenews_wsj

PLAINTIFF' ORIGINAL CLASS ACTION COMPLAINT – PAGE 3

Arkansas civil and criminal law. Further, Arkansas expressly recognizes that a violation of its criminal statutes prohibiting computer trespass gives rise to and affords Plaintiffs a civil right of action. *See* Ark. Code Ann. §§ 5-41-106, 16-118-107.

13.    Upon information and belief, Apple is financially benefitting from the data being obtained from Plaintiffs' and Class Members' iPhones, as Defendant has boosted its advertising revenues by siphoning personal data directly and through applications designed and built for the iPhone platform.

14.    Armed with the knowledge that the data it collects from unsuspecting iPhone smartphone users is worth so much, Defendant uses its phones and operating systems, and actively works with persons and entities to market and distribute applications, to collect valuable data without Plaintiffs' and Class Members' knowledge and consent.

## Miscellaneous

15.    The facts complained of herein occurred within the three years preceding the filing of this lawsuit.

16.    Any condition precedent to the institution of this lawsuit has been performed, has occurred, or has been waived.

## Class Action Allegations

17.    Pursuant to Arkansas Rule of Civil Procedure 23, Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated. This action satisfies the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation, and the Rule 23(b) requirements of predominance, and superiority.

18.    The proposed Class which Plaintiffs seek to represent in this action is defined as follows:

All Arkansas residents who owned and/or own an iPhone whose iPhone (i) was accessed and/or altered by Defendant Apple in the three years preceding the date of filing of this Complaint and/or (ii) had a computer contaminant introduced, caused to be introduced and/or attempted to be introduced by Defendant Apple in the three years preceding the date of filing of this Complaint.

Excluded from the Class definition are: (1) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions, (2) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representatives, heirs and successors, (3) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (4) any Judge in the lawsuit and/or persons within the third degree of consanguinity to such judge.

19. Upon information and belief, the Class is compromised of thousands of persons located across Arkansas. It is, therefore, impractical to bring all members of the Class before the Court.

20. There exist questions of law and fact common to all members of the Class. These common questions of law and fact predominate over any individual questions affecting Class Members. Common legal and factual questions include, but are not limited to, the following:

    A.    Whether Defendant accessed and/or altered Plaintiffs' and Class Members' iPhones;

    B.    Whether Defendant acted with intent;

    C.    Whether Defendant had authorization to access and alter Plaintiffs' and Class Members' iPhones;

    D.    Whether Plaintiffs and Class Members are entitled to compensatory damages, and the amount of such damages; and

    E.    Whether Plaintiffs and Class Members are entitled to other relief, and the scope and nature of such relief.

21. The claims of the representative Plaintiffs are typical of the claims of the Class in that:

    A.    Plaintiffs' iPhones, like the iPhones of all Class Members, were
          accessed by Defendant;

    B.    Plaintiffs, like all Class Members, have been damaged by
          Defendant's unlawful misconduct; and

    C.    The factual bases and cause of action for the claims Plaintiffs
          assert are common to all Class Members and represent a common
          thread of misconduct resulting in injury to all Class Members.

22.    Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs
have no interests which conflict with the Class, and they have retained attorneys who are
experienced in the prosecution of complex consumer class action litigation involving computers
and the internet.

23.    A class action is superior to all other available methods for the fair and efficient
adjudication of this controversy since joining all members is impracticable, and this action will
be manageable as a class action.  There will be no difficulty in the management of this class
action.

24.    To prosecute individual actions would increase both the expenses and cause
delay, not only to Plaintiffs and Class Members, but also to Defendant and the Court.

25.    In contrast, a class action will avoid case management difficulties and provide
multiple benefits to the litigating parties, including efficiency, economy of scale, unitary
adjudication with consistent results and equal protection of the rights of each Class Member, all
by way of the comprehensive and efficient supervision of the litigation by a single court.

26.    Class treatment of the claims asserted by Plaintiffs is superior to other methods of
adjudicating the claims of the Class in that:

          A.    The prosecution of separate actions by individual members of the
                Class would create a foreseeable risk of inconsistent or varying
                adjudications which would establish incompatible results and
                standards of conduct for Defendant;

    B.    Adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the separate adjudications or would substantially impair or impede their ability to protect their own interests; and

    C.    Class action treatment avoids the waste and duplication inherent in numerous individual actions and conserves the resources of the courts.

## Count 1 - Computer Trespass in Violation of Arkansas Law

27.    Plaintiffs incorporate paragraphs 1 - 26 as if fully set out herein.

28.    An iPhone is a "computer" as defined in Ark. St. 5-41-102(2) ("Computer" means an electronic device that performs a logical, arithmetic, or memory function by manipulating an electronic or magnetic impulse and includes any input, output, processing, storage, computer software, or communication facility that is connected or related to that device in a system or a network.").

29.    Defendant Apple intentionally and without authorization accessed and altered Plaintiffs' and Class Members' iPhones and their integrated computer systems, computer networks, computer programs, and/or data. Apple embedded code, or permitted code to be embedded, in such a way as to allow the iPhones to be routinely accessed in contravention of the Arkansas Computer Related Crimes Act. Apple, and parties working together with Apple, surreptitiously obtained information from the smartphones without permission. *See* Ark. Code Ann. § 5-41-102(1) (""Access" means to instruct, *communicate with*, store data in, or *retrieve data from* a computer, computer system, or computer network") (emphasis added); Ark. Code Ann. § 5-41-104 ("(a) A person commits computer trespass if the person intentionally and without authorization *accesses*, alters, deletes, damages, destroys, or disrupts any computer, computer system, computer network, computer program, or data.") (emphasis added).

Defendant's conduct as set forth herein constitutes computer trespass in violation of Arkansas Code Annotated § 5-41-101, *et seq.* and other applicable Arkansas law

30.    As a result of the foregoing, Plaintiffs and Class Members were injured in their property or person and sustained damages in an amount to be proven at trial. Plaintiffs have the right under Arkansas law to assert civil claims for relief as a result of Apple's wrongful conduct pursuant to Arkansas Code Annotated § 5-41-101, *et seq.* and other applicable Arkansas law.

31.    This legal proceeding should be conducted is such a way as to protect the secrecy and security of Plaintiffs' and the Class Members' computers, computer systems, computer networks, computer programs, and/or data in order to prevent possible recurrence of the same or similar acts by another person.

## Count II – Unlawful Act Regarding A Computer in Violation of Arkansas Law

32.    Plaintiffs incorporate paragraphs 1 - 31 as if fully set out herein.

33.    In the alternative, and without waiving the foregoing, Defendant Apple knowingly and without authorization introduced, caused to be introduced or attempted to introduce a computer contaminant into Phones, computers, networks or data belonging to Plaintiffs and Class Members. Apple's conduct as set forth herein constitutes an unlawful act regarding a computer in violation of Arkansas Code Annotated. § 5-41-201, *et seq.*, and other applicable Arkansas law.

34.    Plaintiffs and Class Members have the right under Arkansas law to assert civil claims for relief as a result of Apple's wrongful conduct pursuant to Arkansas Code Annotated § 5-41-201, *et seq.* and other applicable Arkansas law.

35.    As a result of the foregoing, Plaintiffs and the Class were injured in their property or person and sustained damages in an amount to be proven at trial.

## Count III – Unjust Enrichment in Violation of Arkansas Law

36.  Plaintiffs incorporate paragraphs 1 - 35 as if fully set out herein.

37.  In the alternative, and without waiving the foregoing, by selling or using data acquired from Plaintiffs' and Class Members' computers, Defendant Apple has received, and continues to receive, money to which it is not entitled that should be restored to Plaintiffs and Class Members.

38.  The enrichment of Defendant by selling or using data acquired from Plaintiffs and Class Members is unjust and inequitable because Defendant is acquiring the data by computer trespass in violation of Plaintiffs' and Class Members' privacy rights and Arkansas law.

39.  The unjust enrichment of Defendant was and is at the expense or to the detriment of Plaintiffs and Class Members.

## Count IV - Civil Conspiracy in Violation of Arkansas Law

40.  Plaintiffs incorporate paragraphs 1 - 39 as if fully set out herein.

41.  In the alternative to any foregoing cause of action, Defendant conspired with creators of applications to obtain information from their use and installation of application on the iPhones owned by the Class Members.

42.  Defendant has conspired to withhold from Plaintiffs, Class Members and the public information about the true nature and purpose of iPhones and their applications, what private information is conveyed to the creators of the applications and third parties, and what private information Defendant obtains and uses for its own financial benefit.

43.  As a direct and proximate result of Defendant's conspiracy with unnamed co-conspirators, Plaintiffs and Class Members have been misled, defrauded, and deprived of their

private information. Defendant's conduct was wrongful and immoral and the manner in which it was obtained was likewise wrongful and immoral.

44. Defendant should be held jointly and severally liable for Plaintiffs' and Class Members' damages sustained as a result of the unlawful conspiracy with unnamed co-conspirators. Defendant was aware that its participation in the unlawful scheme resulted in a breach of Arkansas law and invasion of privacy rights. As such, Defendant is liable for the wrongful conduct of each of its co-conspirators and subsequent damage to each Plaintiff and Class Member.

45. The conduct of Defendant was intentional, willful, malicious and/or in reckless disregard of the rights of others.

Wherefore, Plaintiffs, individually and as Class Representatives on behalf of all similarly situated persons and/or entities, pray the Court grant certification of this case as a class action pursuant to Arkansas Rule of Civil Procedure 23; appoint Plaintiffs as Class Representative and Plaintiff's counsel as Class counsel; award appropriate monetary damages to Plaintiffs and the proposed Class in an amount sufficient to compensate them for Defendant Apple's wrongful conduct and unjust enrichment, which, when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000.00 per class member and/or $5,000,000.00 for the entire class; award prejudgment interest in order to prevent Defendant Apple from receiving unjust enrichment for its improper conduct, which, collectively with all other elements of damages, cost, and fees will not exceed $75,000.00 per class member and/or $5,000,000.00 for the entire class; award reasonable and necessary attorneys' fees and costs to Class counsel, which, collectively with all other elements of damages, costs, and fees will not exceed $75,000.00 per class member and/or $5,000,000.00 for the entire class; award such additional relief in law or in

or equity as the Court determines fair, reasonable and appropriate, which, collectively with all other elements of damages, costs, and fees will not exceed $75,000.00 per class member and/or $5,000,000.00 for the entire class; and award any and all further relief to which Plaintiffs and Class Members may prove themselves entitled to under Arkansas law.

Leah Thompson and Patricia Harp, Plaintiffs

By:

W. H. Taylor, #81154
William B. Putman, #91198
Taylor Law Partners
303 E. Millsap Road
P. O. Box 8310
Fayetteville, AR 72703
Telephone:    (479) 443-5222
Facsimile:    (479) 443-7842

Matt Keil, #86099
John C. Goodson, #90018
Keil & Goodson P.A.
406 Walnut Street
Texarkana, Arkansas 71854
Telephone:    (870) 772-4113
Facsimile:    (870) 773-2967

## Sworn and Binding Stipulation

Before me, the undersigned authority on this day personally appeared Leah Thompson, known to me to be the undersigned Affiant whose name is subscribed below, who, after having been duly sworn by me, upon her oath deposed and stated as follows:

1. My name is Leah Thompson. I am a plaintiff in this lawsuit. I am over the age of eighteen. I am of sound mind, capable of making this affidavit, fully competent to testify to the matters stated herein, and am under no legal disability. I have personal knowledge of the facts and statements contained herein, and of the facts and statements are true and correct.

2. I do hereby swear and affirm that I do not now and will not at any time during this case seek damages for myself or any other individual class member in excess of $75,000 (inclusive of costs and attorneys' fees) or seek damages for the class in excess of $5,000,000 in the aggregate (inclusive of costs and attorneys' fees).

3. I understand that this stipulation is binding, and it is my intent to be bound by it. Further affiant sayeth not.

_____
LEAH THOMPSON

SUBSCRIBED AND SWORN TO BEFORE ME, to which witness my hand and official seal on this the _____ day of _____, 20__.

_____
Notary Public

My Commission Expires:

_1/18/15_

## Sworn and Binding Stipulation

Before me, the undersigned authority on this day personally appeared Patricia Harp, known to me to be the undersigned Affiant whose name is subscribed below, who, after having been duly sworn by me, upon his oath deposed and stated as follows:

1.  My name is Patricia Harp. I am a plaintiff in this lawsuit. I am over the age of eighteen. I am of sound mind, capable of making this affidavit, fully competent to testify to the matters stated herein, and am under no legal disability. I have personal knowledge of the facts and statements contained herein, and of the facts and statements are true and correct.

2.  I do hereby swear and affirm that I do not now and will not at any time during this case seek damages for any individual class member in excess of $75,000 (inclusive of costs and attorneys' fees) or seek damages for the class in excess of $5,000,000 in the aggregate (inclusive of costs and attorneys' fees).

3.  I understand that this stipulation is binding, and it is my intent to be bound by it.

Further affiant sayeth not.

PATRICIA HARP

SUBSCRIBED AND SWORN TO BEFORE ME, to which witness my hand and official seal on this the 4 day of January, 2011.

Notary Public

My Commission Expires:

1/18/2015

## Sworn and Binding Stipulation

Before me, the undersigned authority on this day personally appeared W.H. Taylor, known to me to be the undersigned Affiant whose name is subscribed below, who, after having been duly sworn by me, upon his oath deposed and stated as follows:

1.      My name is W.H. Taylor. I am counsel for Plaintiffs and the putative class in this lawsuit. I am over the age of eighteen. I am of sound mind, capable of making this affidavit, fully competent to testify to the matters stated herein, and am under no legal disability. I have personal knowledge of the facts and statements contained herein, and of the facts and statements are true and correct.

2.      I do hereby swear and affirm that I do not now and will not at any time during this case seek damages for any individual class member in excess of $75,000 (inclusive of costs and attorneys' fees) or seek damages for the class in excess of $5,000,000 in the aggregate (inclusive of costs and attorneys' fees).

3.      I understand that this stipulation is binding, and it is my intent to be bound by it. Further affiant sayeth not.

W.H. TAYLOR

SUBSCRIBED AND SWORN TO BEFORE ME, to which witness my hand and official seal on this the 4th day of January, 2010.

Notary Public

My Commission Expires:

PLAINTIFF' ORIGINAL CLASS ACTION COMPLAINT – PAGE 14

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LEAH THOMPSON and
PATRICIA HARP                                                  PLAINTIFFS

VS.                              NO. CV 2011-2

APPLE INC.                                                      DEFENDANT

## DECLARATION OF JAMES BEAN IN SUPPORT OF APPLE INC.'S NOTICE OF REMOVAL

I, JAMES BEAN, hereby declare as follows:

1.      I have been employed with Apple Inc. ("Apple") since June 29, 1998.  I am currently Vice President of Finance, Worldwide Financial Planning and Analysis, located in Cupertino, California.  I have been a Vice President of Finance at Apple since July 17, 2003.  In the course of my duties as Vice President of Finance, I regularly review Apple's product data, including data for the iPhone.  I make the statements in this Declaration based upon my personal knowledge and corporate records maintained by Apple in its ordinary course of business.  If called upon to do so, I could and would testify thereto under oath.

2.      According to Apple's records, in excess of 250,000 iPhones have been registered by customers in the state of Arkansas.

3.      Apple's retail prices for iPhone in the United States have generally ranged from $199 to $599 or more, depending on carrier subsidies and storage capacity, for the then-current models of iPhone (with some models priced at $99 for some period following the introduction of newer models).

891094-v1



I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed this 3rd day of February, 2011 at Cupertino, California.

_____
                    James Bean