**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JONATHAN LALO, individually and On Behalf of a Class of Similarly Situated Individuals,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC, a California Corporation; BACKFLIP, a Delaware Corporation; DICTIONARY.COM, a California Corporation; PANDORA, INC., a California Corporation; THE WEATHER CHANNEL, a Georgia Corporation,<br><br>Defendants. | Case No. CV-10-5878 LHK (PSG)<br><br>**STIPULATION AND ORDER CONSOLIDATING CASES; AND ADOPTING PRELIMINARY CASE SCHEDULE, EXCEPT AS MODIFIED BY THE COURT HEREIN** |
| DUSTIN FREEMAN, JARED PARSLEY, COLE PARR, and PRECIOUS ARRINGTON, on behalf of themselves and all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE, INC., a Delaware Corporation; GOGII, INC., a Delaware Corporation; PANDORA MEDIA, INC., a California Corporation; | Case No. CV-10-5881 LHK (PSG) |

ORDER CONSOLIDATING CASE; CASE MANAGEMENT ORDER                                   1

| | |
|---|---|
| BACKFLIP STUDIOS, INC., a Delaware Corporation; THE WEATHER CHANNEL, INC., a Georgia Corporation; DICTIO-NARY.COM, LLC., a California Corporation; OUTFIT7 LTD, a Foreign Corporation; ROOM CANDY, INC., a California Corporation; SUNSTORM INTERACTIVE, Inc., an Indiana Corporation,<br><br>            Defendants. | |
| ANTHONY CHIU, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>APPLE, INC., a California Corporation, and DOES 1 to 50 inclusive,<br><br>            Defendants. | Case No. CV-11-0407 LHK |
| DANIEL RODIMER, et al.<br><br>            Plaintiffs<br><br>v.<br><br>APPLE, INC., FLURRY, INC., MEDIALETS, INC., PINCH MEDIA, INC., QUATTRO WIRELESS, INC., IAC/INTERACTIVE CORP., DICTIONARY.COM, PANDORA, INC., and THE WEATHER CHANNEL INC., and THE WEATHER CHANNEL<br><br>            Defendants. | Case No. CV-11-0700 PSG |

**STIPULATION AND ORDER**

Subject to the Court's review and approval, IT IS HEREBY STIPULATED AND AGREED AND ORDERED as follows:

WHEREAS, the related actions *Lalo, et al. v. Apple Inc., et al.*, CV-10-5878-LHK; *Freeman, et al. v. Apple Inc., et al.,* CV-10-5881-LHK, *Chiu v. Apple, Inc., et al.*, CV-11-0407-LHK and *Rodimer v. Apple, Inc., et al.,* CV 11-0700 PSG (collectively, the "Actions") are pending before this Court; and,

ORDER CONSOLIDATING CASE; CASE MANAGEMENT ORDER                                    2

1    WHEREAS, counsel for the various plaintiffs have each concluded that it is in the best
2 interests of the respective parties and absent putative class members that the above-captioned
3 actions be consolidated for all purposes and proceed as contemplated herein; and,

4    WHEREAS, all parties that have appeared, through their respective counsel have stipu-
5 lated to the terms provided herein;

6    WHEREAS, it is anticipated that additional related actions may be transferred to, re-
7 moved to, or filed in this Court; and,

8    WHEREAS, the existence of common questions of law and fact in the Actions now
9 pending before this Court, the interests of fair and efficient administration of the Actions, the
10 avoidance of unnecessary duplicative efforts and the avoidance of inconsistency in outcomes,
11 warrants the consolidation of the Actions, establishment of an organizational structure for
12 plaintiffs' counsel, and the setting of a status conference to discuss, among other things, sche-
13 dules for the filing of pleadings, motion practice and discovery, and good cause appearing
14 therefore:

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.    CONSOLIDATION AND TREATMENT OF SUBSEQUENT ACTIONS**

1.    The Court finds that *Lalo, et al. v. Apple Inc., et al.*, CV-10-5878-LHK; *Freeman, et al. v. Apple Inc., et al.,* CV-10-5881-LHK, *Chiu v. Apple, Inc.*, CV-11-0407-LHK and *Rodimer, et al. v. Apple, Inc., et al.* CV-11-0700-PSG present substantially similar issues of law and fact, have been previously related, and are hereby consolidated into *Lalo, et al. v. Apple Inc., et al.*, CV-10-5878, and are referred to herein as the Consolidated Action. Each document filed by a party to this litigation shall bear the following caption:

_____

In re iPhone Application Litigation              No. CV-10-5878 LHK (PSG)

_____

2.    The terms of this Order shall apply to the Consolidated Action and to any and all actions later instituted in, removed to, or transferred to this Court that involve the same or substantially similar issues of law and fact, subject to the following procedures:

    a.    When such a case is filed in, removed to, or transferred to this Court, **and only after counsel call to the attention of the Court and the Clerk the filing or transfer of any such case that might be properly consolidated with this Consolidated Action,** the Clerk of Court shall:

        (1)    place a copy of this Order in the separate file for such action; and

        (2)    make an appropriate entry on the docket for the Consolidated Action.

    b.    Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party in such newly-filed or transferred action objects to consolidation, as provided for herein, or any provision of this order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application.

    3.    Counsel shall call to the attention of the Court and the Clerk the filing or transfer of any case that might properly be consolidated with the Consolidated Action. Mailing or other delivery of a copy of this Order by Defendants' counsel or Plaintiffs' Interim Class Counsel (see II. Below), as appropriate, to the counsel in any newly filed or transferred actions shall constitute valid notice thereof for purposes of establishing its applicability to such action in accordance herewith.

**II.    ORGANIZATION OF PLAINTIFFS' COUNSEL**

    1.    Plaintiffs shall use their best efforts to self-organize and recommend to the Court counsel to serve as Interim Class Counsel under FRCP 23(g). Such recommendation shall be submitted to the Court with papers supporting the qualifications for such Interim Class Counsel within ten days of the entry of this Order. Any Plaintiff may oppose such recommendation by filing an opposition within 10 days of notice of consolidation of their case or the filing of said recommendation, whichever is later.

    2.    Interim Class Counsel, acting on behalf of Plaintiffs, shall have the following duties:

    a. To coordinate all proceedings, including preparing, structuring, and presenting pretrial and other management related orders;

    b. To encourage full cooperation and efficiency among all counsel;

    c. To create any necessary committees and appoint committee chairs and otherwise delegate responsibilities for specific tasks in a manner to assure that pretrial and trial preparation is conducted effectively, efficiently, and economically;

    d. To delegate work responsibilities and monitor the activities of counsel to assure that schedules are met and unnecessary expenditures of time and expense are avoided;

    e. To act as spokespersons at all court conferences;

    f. To call meetings of themselves and/or other counsel as appropriate or necessary from time to time;

    g. To initiate and conduct settlement negotiations with counsel for the various Defendants;

    h. To determine Plaintiffs' position on all matters arising during this litigation (after such consultation with other counsel as they deem appropriate) and present such position orally and/or in writing to the Court and opposing parties;

    i. To consult with and employ experts, as necessary;

    j. To initiate, coordinate and conduct discovery;

    k. To represent Plaintiffs at trial and on any appeal of this matter;

    l. To negotiate and execute agreements with local counsel or other cooperating attorneys;

    m. To determine the appropriate fee allocation among Plaintiffs' counsel as they contributed to resolution or otherwise provided benefit to the class; and

1    n.    To perform such other duties as are necessary in connection with the prosecution of this litigation.

3.    Interim Class Counsel shall be the contact between Plaintiffs' counsel and Defendant's counsel as well as the spokesperson for Plaintiffs' counsel. All agreements reached with the Interim Class Counsel shall be binding on all other Plaintiffs' counsel in the Consolidated Action.

4.    Interim Class Counsel are hereby designated as the counsel for Plaintiffs in the Consolidated Action upon whom all notices, orders, pleadings, motions, discovery, and memoranda relating to the Consolidated Action shall be served, and Defendants shall effect service of papers on Plaintiffs in the Consolidated Action by serving Interim Class Counsel.

5.    No motion or request for discovery shall be served or filed by Plaintiffs, or other pretrial proceedings initiated by Plaintiffs, except by or with the authorization of Interim Class Counsel.

6.    The organizational structure set forth in this section applies to all Plaintiffs' counsel in the Consolidated Action, including any action subsequently governed by this Order.

7.    No communications among Plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

### III.    FILING OF PLEADINGS

Within **21 days** of appointment by the Court, Interim Class Counsel shall file an amended consolidated pleading. Defendants' shall move or respond to the consolidated complaint within **30 days** thereafter. If defendants shall move to dismiss, Interim Class Counsel shall have **21 days** to respond and Defendants shall have **14 days** thereafter to file a reply. Defendants shall have no obligation to respond to any prior filed pleading in the actions consolidated herein. No other deadlines shall be superseded this Order, unless ordered by the Court.

### IV.    STATUS CONFERENCE

The Case Management Conference previously set by Court for April 6, 2011 shall remain on calendar as a status conference, and not the Initial Case Management Conference con-

1  templated by Civil Local Rule 16-2.  In advance of the April 6 status conference, the parties
2  will meet and confer concerning a schedule for the Initial Case Management Conference and
3  related matters and will either present a proposed schedule to the Court or present their respec-
4  tive positions for resolution by the Court at the April 6 status conference.  **However, the par-**
5  **ties must still file a single joint Case Management Statement by March 30, 2011, present-**
6  **ing their proposed schedule (or respective positions) to the Court.**

7  V.     **MODIFICATION OF THIS ORDER**

8  This Order may be modified, supplemented, or superseded by order of the Court, or,
9  upon the Court's approval, by any party for good cause shown.

Dated:  March 3, 2011                                KAMBERLAW, LLP


                                                     By:  ____s/Avi Kreitenberg_____
                                                          Avi Kreitenberg

                                                          One of the Attorneys for Plaintiff Lalo,
                                                          Individually, and on Behalf of a Class of
                                                          Similarly Situated Individuals

SCOTT A. KAMBER (admitted *pro hac vice*)
DAVID A. STAMPLEY (admitted *pro hac vice*)
*skamber@kamberedelson.com*
*dstampley@kamberedelson.com*
KAMBERLAW, LLC
100 Wall Street, 23nd Floor
New York, New York 10005
Telephone: (212) 920-3072
Facsimile:  (212) 202-6364

AVI KREITENBERG
KAMBERLAW, LLP
1180 South beverly Drive, Suite 601
Los Angeles, CA  90035
Telephone:  1.310.400.1052
Facsimile: 1.310.400.1056




                                                     PARISI & HAVENS LLP

| | | |
|---|---|---|
| Dated: March 3, 2011 | By: | ____s/David C. Parisi_____ |
| | | DAVID C. PARISI |

One of the Attorneys for Plaintiff Freeman, Individually and on Behalf of a Class of Similarly Situated Individuals

DAVID C. PARISI
dcparisi@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Telephone (818) 990-1299
Facscimile (818) 501-7852

JEREMY R. WILSON
jeremy@wtlfirm.com
WILSON TROSCLAIR & LOVINS
302 N. Market St., Suite 501
Dallas, Texas 75202
Telephone: (214) 430-1930

NABIL MAJED NACHAWATI, II
mn@fnlawfirm.com
FEARS NACHAWATI
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

                                        MILBERG LLP


| | | |
|---|---|---|
| Dated: March 7, 2011 | By: | _____s/Jeff S. Westerman_____ |
| | | Jeff S. Westerman |

One of the Attorneys for Plaintiff Chiu, Individually, and on Behalf of a Class of Similarly Situated Individuals

JEFF S. WESTERMAN
SABRINA S. KIM
jwesterman@milberg.com
skim@milberg.com
MILBERG LLP
One California Plaza
300 South Grand Avenue, Ste 3900
Los Angeles, California 90071
Telephone: (213) 617-1200
Facsimilie: (213) 617-1975

                                        AUDET & PARTNERS LLP

| | |
|---|---|
| Dated:  March 4, 2011 | By:  ___s/William M. Audet_____<br>       William M. Audet<br>       One of the Attorneys for Plaintiff Rodimer,<br>       Individually, and on Behalf of a Class of<br>       Similarly Situated Individuals |

WILLIAM M. AUDET
JONAS P. MANN
MICHAEL A. MCSHANE
waudet@audetlaw.com
jmann@audetlaw.com
mmcshane@audetlaw.com
AUDET & PARTNERS LLP
221 Main Street, Suite 1460
San Francisco, California 94105
Telephone: (415) 568-2555
Facscimile: (415) 568-2556

JOSEPH H. MALLEY
malleylaw@gmail.com
LAW OFFICE OF JOSEPH H. MALLEY
1045 North Zang Blvd.
Dallas, Texas 75208
Telephone: (214) 943-6100

RICHARD A. LOCKERIDGE
ROBERT K. SHELQUIST
*rlockridge@locklaw.com*
*rshelquist@locklaw.com*
Lockridge Grindal Nauen P.L.L.P.
100 Washington Ave., S., Suite 2200
Minneapolis, MN 55401
Telephone (612) 339-6900
Facsimile (612) 339-0981

ATTORNEYS FOR PLAINTIFFS

HOGAN LOVELLS US LLP

ORDER CONSOLIDATING CASE; CASE MANAGEMENT ORDER                                     9

| | | |
|---|---|---|
| Dated: March 4, 2011 | By: | ____s/Michael L. Charlson_____ |
| | | Michael L. Charlson |
| | | On Behalf of Defendant Apple, Inc. |

MICHAEL L. CHARLSON (Cal. Bar No. 122125)
HOGAN & HARTSON
Michael.charlson@hoganlovells.com
525 University Avenue, 4th Fl
Palo Alto, CA 94301
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

CHRISTOPHER WOLF (Admitted *Pro Hac Vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Telephone:     (202) 637-5600

CLAYTON C. JAMES (Admitted *Pro Hac Vice*)
HOGAN LOVELLS US LLP
One Tabor Center
1200 Seventeenth Street
Denver, CO 80204
Telephone: (303) 899-7300

ATTORNEYS FOR DEFENDANT APPLE, INC.

                                        COOLEY LLP

| | | |
|---|---|---|
| Dated: March 7, 2011 | By: | ___s/Michael G. Rhodes_____ |
| | | Michael G. Rhodes |
| | | On Behalf of Defendants Backflip Studios, The Weather Chanel, and Medialets |

MICHAEL G. RHODES
rhodesmg@cooley.com
MICHAEL D. BROWN
mbrown@cooley.com
COOLEY LLP
101 California Street, 5th Fl
San Francisco, CA 94111
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

ATTORNEYS FOR DEFENDANTS BACKFLIP STUDIOS, THE WEATHER CHANNEL, AND MEDIALETS

DURIE TANGRI LLP

Dated: March 4, 2011                    By:  s/Michael H. Page
                                                 Michael H. Page

On Behalf of Defendant Pandora, Inc., IAC/Interactive Corp., Dictionary.com, LLC and Yelp

MICHAEL H. PAGE
JOSEPH C. GRATZ
mpage@durietangri.com
jgratz@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile:  (415) 236-6300

ATTORNEYS FOR DEFENDANT PANDORA, INC., IAC/INTERACTIVE CORP., DICTIONARY.COM, LLC AND YELP

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated: March 8, 2011            By: _____s/Sacha Von Mende Henry_____
                                        Sascha Von Mende Henry
                                    On behalf of Defendant Gogii, Inc.

SASCHA VON MENDE HENRY
JONATHAN D. MOSS
shenry@sheppardmullin.com
jmoss@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
333 South Home Street, 43d Fl
Los Angeles, CA 90071-1422
Telephone:    (213) 620-1780
Facsimile:    (213) 620-1398

ATTORNEYS FOR DEFENDANT GOGII, INC.


                                FENWICK & WEST LLP


Dated: March 9, 2011            By: ___s/Laurence F. Pulgram_____
                                        Laurence F. Pulgram
                                    On Behalf of Defendant Groupon, Inc.

LAURENCE F. PULGRAM
lpulgram@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Fl
San Francisco, CA 94104
Telephone:    (415) 875-2390
Facsimile:    (415) 281-1350

ATTORNEYS FOR DEFENDANT GROUPON, INC.




                                SHERMAN & STERLING LLP


ORDER CONSOLIDATING CASE; CASE MANAGEMENT ORDER                    12

| | |
|---|---|
| Dated: March 9, 2011 | By: ___s/James Donato_____<br>     James Donato<br>On Behalf of Defendant Webmd Health Services Group, Inc |

JAMES DONATO
jdonato@sherman.com
SHERMAN & STERLING LLP
515 Market Street
San Francisco, CA 94105
Telephone:    (415) 616-1143
Facsimile:    (415) 616-1343

ATTORNEYS FOR DEFENDANT WEBMD HEALTH SERVICES GROUP, INC.

**PURSUANT TO THE STIPULATION AS MODIFIED, IT IS SO ORDERED.**

Dated: March 15, 2011                    _Lucy H. Koh_____
                                         LUCY H. KOH
                                         UNITED STATES DISTRICT COURT JUDGE