SCOTT A. KAMBER (*pro hac vice* application pending)
DAVID A. STAMPLEY (*pro hac vice* application pending)
KAMBERlaw, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 920-3072
Facsimile:  (212) 202-6364

AVI KREITENBERG
KAMBERLAW, LLP
1180 South Beverly Drive, Suite 601
Los Angeles, CA  90035
Telephone:  (310) 400-1050
Facsimile:   (310) 400-1056

William M. Audet
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, California  94105
Telephone: (415) 568-2555
Facsimile:  (415) 568-2556


ATTORNEYS FOR PLAINTIFFS

*(ADDITIONAL COUNSEL ON SIGNATURE PAGE)*


# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re iPhone Application Litigation | Case No.  10-cv-5878 LHK (PSG) (Lead)<br>10-cv-5881-LHK<br>11-cv-0407-LHK<br>11-cv-0700-LHK<br><br>The Honorable Lucy H. Koh<br><br>iPhone Plaintiffs' Group Notice of Motion and Memorandum of Points and Authorities in Support of the Consensus Recommendation for Entry of an Order Appointing Kamber Interim Class Counsel and an Executive Committee |

**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF CLASS COUNSEL**

To all parties and their counsel of record:

PLEASE TAKE NOTICE THAT, on April 5, 2011 at 2:00pm, or as otherwise ordered by the Court, Plaintiffs Jonathan Lalo, Dustin Freeman, Jared Parsley, Cole Parr, Precious Arrington, Daniel Rodimer, Arfat Adil, Emili Clar, Jerod Couch, Barbara Davis, Matt Hines, Diego Lopez, Aaron Mulvey, Anna M. Ruston, and Gena Terry (the "iPhone Plaintiffs' Group") hereby moves the Court for an order appointing Scott A. Kamber of KamberLaw, LLC as Interim Class Counsel, pursuant to Fed. R. Civ. P. 23(g)(3); with an Executive Committee comprised of Robert K. Shelquist of Lockridge Grindal Nauen P.L.L.P. and Jeremy R. Wilson of Wilson Trosclair & Lovins; and William M. Audet of Audet & Partners, LLP as plaintiffs' liaison counsel.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities contained herewith, the Declaration of Scott A. Kamber, the Declaration of William Audet, and the Declaration of Jeremy Wilson and all of the documents in the record, along with any oral argument the Court may later request.

Respectfully submitted,

KAMBERLAW, LLC

By: s/Scott A. Kamber
On Behalf of Lalo Plaintiffs,et al,

SCOTT A. KAMBER
DAVID A. STAMPLEY
*skamber@kamberlaw.com*
*dstampley@kamberlaw.com*
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 920-3072
Facsimile:  (212) 202-6364

AVI KREITENBERG
*akreitenbergy@kamberlaw.com*
KAMBERLAW, LLP
1180 South Beverly Drive, Suite 601
Los Angeles, CA  90035
Telephone: (310) 400-1050
Facsimile:  (310) 400-1056

1

2   Plaintiff Jonathan Lalo and Putative Class

3

4   DAVID C. PARISI (SBN 162248)
    SUZANNE HAVENS BECKMAN (SBN 188814)
5   dcparisi@parisihavens.com
    shavens@parisihavens.com
6   PARISI & HAVENS LLP
    15233 Valleyheart Drive
7   Sherman Oaks, California 91403
    Telephone: (818) 990-1299
8   Facsimile:  (818) 501-7852

9   JEREMY WILSON
    jeremy@wtlfirm.com
10  WILSON TROSCLAIR & LOVINS
    302 N. Market Street, Suite 501
11  Dallas, Texas 75202
    Telephone: (214) 430-1930

12  NABIL MAJED NACHAWATI, II
    mn@fnlawfirm.com
13  FEARS NACHAWATI
    4925 Greenville Avenue, Suite 715
14  Dallas, Texas 75206
    Telephone: (214) 890-0711
15  Facsimile: (214) 890-0712

16  Counsel for Plaintiffs Dustin Freeman, Jared Parsley,
    Cole Parr, Precious Arrington and Putative Class
17

18  WILLIAM AUDET
    JONAS P. MANN
19  MICHAEL A. MCSHANE
    AUDET & PARTNERS LLP
20  221 Main Street, Suite 1460
    San Francisco, California 94105
21  Telephone: (415) 568-2555
    Facsimile: (415) 568-2556
22

23  JOSEPH H. MALLEY
    malleylaw@gmail.com
24  LAW OFFICE OF JOSEPH H. MALLEY
    1045 North Zang Blvd.
25  Dallas, Texas 75208
    Telephone: (214) 943-6100

26  RICHARD A. LOCKRIDGE
    ROBERT K. SHELQUIST
27  rlockridge@locklaw.com
    rshelquist@locklaw.com
28  LOCKRIDGE GRINDAL NAUEN P.L.L.P.

1    100 Washington Avenue S., Suite 2200
     Minneapolis, MN 55401
2    Telephone: (612) 339-6900
     Facsimile: (612) 339-0981
3
     Counsel for Plaintiffs Daniel Rodimer, Arfat Adil,
4    Emili Clar, Jerod Couch, Barbara Davis, MattHines,
     Diego Lopez, Aaron Mulvey, Anna M. Ruston, Gena Terry and Putative Class
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................... 1

II.     ARGUMENT ..................................................................................................... 4

    A.      KAMBERLAW HAS THE SUPPORT OF THE MAJORITY OF
    PLAINTIFFS AND THEIR COUNSEL FOR APPOINTMENT AS
    INTERIM LEAD COUNSEL ........................................................................ 5

    B.      KAMBERLAW'S UNDERSTANDING OF THE RELEVANT
    TECHNOLOGY ISSUES, AND LITIGATION STRATEGY BEST
    SATISFY THE STANDARDS OF RULE 23(g)(1)(A) GOVERNING THE
    APPOINTMENT OF INTERIM CLASS COUNSEL ...................................... 6

        1.      KamberLaw Has a Demonstrably Superior Understanding of the
        Complex Technology Issues at the Heart of these Cases ...................... 6

        2.      KamberLaw's Expertise in Technology Cases Has Allowed it to
        Tailor a Litigation Strategy to Meet the Complexities Presented by
        Apple's Practices ................................................................................. 9

        3.      KamberLaw's Attorneys Readily Meet the Remaining
        Considerations of Rule 23(g)(1)(A) .................................................... 10

III.    CONCLUSION ................................................................................................ 12

1

**TABLE OF AUTHORITIES**

2

**United States District Court Cases**:

*In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y 2006) ................... 4

**Statutes:**

Fed. R. Civ. P. 23 ....................................................................................................................... 4-5

**Miscellaneous:**

Advisory Committee Notes to the 2003 Amendments to Fed. R. Civ. P. 23, Subdivision (g) ....... 5

MANUAL FOR COMPLEX LITIGATION § 10.22 (4th ed. 2004) ........................................................... 4

MANUAL FOR COMPLEX LITIGATION § 10.224 (4th ed. 2004) ......................................................... 5

MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) ........................................................... 4

Rule 23 Practice Commentary ....................................................................................................... 4

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs Jonathan Lalo, Dustin Freeman, Jared Parsley, Cole Parr, Precious Arrington, Daniel Rodimer, Arfat Adil, Emili Clar, Jerod Couch, Barbara Davis, Matt Hines, Diego Lopez, Aaron Mulvey, Anna M. Ruston, and Gena Terry represented by the law firms KamberLaw, LLC, KamberLaw, LLP, Parisi & Havens LLP, Wilson Trosclair & Lovins, Fears Nachawati, Audet & Partners LLP, the Law Office of Joseph H. Malley and Lockridge Grindal Nauen P.L.L.P, (the "iPhone Plaintiffs' Group") have self-ordered and respectfully recommend to the Court the agreed upon leadership structure pursuant to the Court's March 15, 2011 Order . Based upon prior experience and the needs of this litigation, the supra-majority agreed structure recommended herein is as follows: Interim Class Counsel of Scott A. Kamber of KamberLaw, LLC, with an Executive Committee consisting of Robert K. Shelquist of Lockridge Grindal Nauen P.L.L.P. and Jeremy R. Wilson of Wilson Trosclair & Lovins; and Liaison Counsel of William M. Audet of Audet & Partners, LLP.

## I.    INTRODUCTION

On March 15, 2011, this Court consolidated the four related class action cases, and interalia, ordered plaintiffs counsel to:

> [U]se their best efforts to self-organize and recommend to the Court counsel to serve as Interim Class Counsel under FRCP 23(g).  Such recommendation shall be submitted to the Court with papers supporting the qualifications for such Interim Class Counsel within ten days of the entry of this Order.  Any Plaintiff may oppose such recommendation by filing an opposition within ten days of notice of consolidation of their case or the filing of said recommendation, whichever is later

Dkt. 36.  Following this Court's Order, several calls amongst and between the counsel took place to discuss structure and leadership issues.  As outlined in the declarations of Mr. Kamber and Mr. Audet, a call involving counsel representing each of the consolidated complaints was called to reach a consensus.  (Kamber Decl. ¶¶ 19, 20; Audet Decl ¶¶ 6, 7).  During that call, several firms made an argument for a co-lead structure and suggested that their respective firm be considered for the title and role of 'lead' class counsel.  However, as the discussions ensued, the

signatory counsel realized that they all shared a common perspective that KamberLaw as a single lead would serve the best interests of their clients and the Class.  Plaintiffs efforts to "self-organize" were successful: three of the four cases representing 15 of 16 plaintiffs and seven of the nine participating Plaintiffs' law firms agreed to recommend to the Court the appointment of a single, lead Interim Class Counsel under FRCP 23(g), with an Executive Committee consisting of representatives from each of the other filed cases.[1]  This recommendation was not only democratically created in an open forum, but also resulted in a geographically representative structure with firms that can each assist the efficient and effective litigation of the Action.

The agreed structure was specifically tailored to the unique facts and issues associated with In re iPhone Application Litigation (the "Action") and the specific strengths of the counsel herein recommended to serve the Class.  The Action involves the invasion of privacy, misappropriation and misuse of personal information, and the interference of the operability of the plaintiffs and putative class members' mobile devices.  The successful litigation of this Action not only requires an investigation of the technical issues involved in Apple's actions, but an understanding of ongoing developments in the technological advancements that demand proficient review and adaptation as they emerge.  These are the very privacy and technology issues that are at the core of KamberLaw, LLC's practice, and the reason why the supra majority agreed to recommend the Court appoint Mr. Kamber and his firm as sole lead counsel. *See* Declaration of Scott A. Kamber ("Kamber Decl."), Exhibit A-1.

After extensive research into the facts and law, KamberLaw, LLC and KamberLaw, LLP ("KamberLaw")  filed the first class action case in this court.  KamberLaw is comprised of the

---

[1] Plaintiff Anthony Chiu's counsel, Jeffrey Westerman of the Los Angeles office of Milberg, LLP is the only plaintiff's counsel to 'object' to the proposal, based on his position that his firm be lead or co-lead. (Kamber Decl. ¶¶  27-30). Despite his position, the iPhone Plaintiffs' Group have no objection to Mr. Westerman serving on the Executive Committee if the Court desires to have that firm in the leadership structure.

lawyers, both in California and New York, most capable of addressing the unique issues presented by the cases and of bringing it to a successful resolution.  Significantly, KamberLaw's unique and necessary expertise in this area gained it unanimous support of the iPhone Plaintiffs' Group to serve as the sole lead counsel in this action.  (Kamber Decl. ¶ 27).

This Action requires expertise in technology so that a focused litigation plan may be adopted to maximize efficiencies and reduce the threat of duplication, waste, and delay. KamberLaw understands this and offers both a streamlined leadership structure as well as a strategy uniquely suited to meet the complexities of these cases. Moreover, KamberLaw has worked efficiently in the past with each of the proposed members of the Executive Committee, and Liaison Counsel, and will be able to assign tasks based on the strength of each member. (Kamber Decl. ¶¶  16-24).

Ultimately, this Court's decision rests rest on what matters most:  protecting the interests of the putative class members as proscribed in Rule 23(g).  As detailed  below (and in the accompanying declaration), KamberLaw is the leading firm in the country dedicated primarily to the prosecution of Internet privacy and security class actions. (Kamber Decl. at ¶ 2). Internet privacy and technology is not a sidelight to a securities or antitrust class actions for KamberLaw. As detailed in the declaration of Kamber, the Kamberlaw firm has litigated and  (and more importantly) *successfully resolved* some of the largest technology class actions in the country, including numerous privacy cases against industry giants such as Facebook, ATI, Sony Entertainment, Yahoo!, Microsoft, NetFlix, Tagged, Adzilla, and NebuAd, among others. (Kamber Decl. at ¶ 7).

Each proposed member of the Executive Committee provides significant assistance and adds significant experience and resources to the litigation.  Furthermore, as recommended by the Manual for Complex Litigation, the Committee is not only democratically created, but is

geographically representative as well.  *See* Manual for Complex Litigation (4th) Section 21.272

## II.   ARGUMENT

Prior to class certification, courts may appoint interim class counsel under Federal Rule of Civil Procedure 23(g)(3).  Interim class counsel is generally appropriate "[i]n cases . . . where multiple overlapping and duplicative class actions have been transferred to a single district for the coordination or pretrial proceedings."  *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y 2006).  Appointment of interim class counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.  *See* MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) (the "*Manual*"); *see also* Rule 23 Practice Commentary ("pre-certification discovery, dispositive motions, or settlement negotiations . . . may have a critical bearing on the interests of the putative class members" and often necessitate the appointment of interim lead counsel.)

This was recognized by the Court in its March 15, 2011 Order which coupled the above-requirements of Rule 23(g) with the preference for "self-ordering"  In a number of cases, where almost all of the plaintiffs counsel agree to a leadership structure, and all firm's have the opportunity to have representation in the leadership structure, as is the case here, then Court's generally recognize the concept of 'self-ordering'.  Manual for Complex Litigation (4th) Section 21.272.  Where, as here, every firm with a filed case has had an opportunity to participate in the creation of the leadership structure and have representation in some capacity in the litigation, the Court should defer to the self-order concept.  *Id.*  Indeed, as long as the proposal for leadership is fair, proposes qualified class counsel, has opportunities for representation for all firms and no 'side deals' have been reached to achieve the goal of self ordering, then the efforts of plaintiffs counsel to coordinate amongst themselves is something that is to be encouraged.  *Id.* at § 10.22.  In this case, no 'promises' or undisclosed deals have been reached with respect to the prosecution of the case or 'horse trading' for positions, then the self ordering should be given significant deference.   In this situation, it was not simply a "majority" wins, but instead, a

1   proposal that allowed all four cases to be represented, with all firms agreeing to the one lead

2   counsel concept, with the exception of the one firm that refused to cede its ambitions for the

3   benefit of the Class.

4       Attorneys appointed to serve as interim class counsel "must fairly and adequately

5   represent the interests of the class."  Fed. R. Civ. P. 23(g)(4).  Deciding which counsel best

6   meets this test requires that the Court consider:  (i) the work counsel has done in identifying or

7   investigating potential claims in the action, (ii) counsel's experience in handling class actions,

8   other complex litigation, and claims of the type asserted in the action, (iii) counsel's knowledge

9   of the applicable law, and (iv) the resources counsel will commit to representing the class.  Fed.

10  R. Civ. P. 23(g)(1)(A); *see also* Advisory Committee Notes to the 2003 Amendments,

11  Subdivision (g).  All factors should be considered by the Court.  *See* Advisory Committee Notes

12  to the 2003 Amendments to Fed. R. Civ. P. 23(c)(2)(B).  Additionally, the Court may "consider

13  any other matter pertinent to counsel's ability to fairly and adequately represent the interests of

14  the class."  Fed. R. Civ. P. 23(g)(1)(B).  In this regard, courts evaluate whether proposed interim

15  class counsel have worked cooperatively with opposing counsel and the court, and whether

16  counsel commands the respect of colleagues.  *See Manual* § 10.224.

17  **A.   KAMBERLAW HAS THE NEAR-UNANIMOUS SUPPORT OF THE
             PLAINTIFFS AND THEIR COUNSEL FOR APPOINTMENT AS**
18  **       INTERIM LEAD COUNSEL.**

19      The proposed leadership of KamberLaw has the support of the majority of

20  plaintiffs' counsel.  Each of the firms of the proposed Executive Committee (and the Milberg

21  firm) had expressed an interest in serving as a colead counsel with KamberLaw.  Nonetheless,

22  with the exception of one firm, all of the firms readily agreed that the case would be best

23  litigated with one lead class counsel and a representative committee structure.  Plaintiffs' counsel

24  recognize that appointing KamberLaw as lead, with the other firms appointed as members of an

25  Executive Committee, provides the best option for prosecuting this Action in an efficient and

26  skilled manner. (Kamber Decl. at ¶¶ 25-31). Everyone on the plaintiffs leadership call

27  essentially recognized that KamberLaw has demonstrated its leadership ability in numerous

28  technology and privacy actions and that the class would be best served with the appointment of

that firm as lead class counsel. *Id.* All the firms that support this structure also trust that KamberLaw will allow members of the Executive Committee the opportunity to contribute to the case in an equitable manner. *Id.*

### B.  KAMBERLAW'S UNDERSTANDING OF THE RELEVANT TECHNOLOGY ISSUES, AND LITIGATION STRATEGY BEST SATISFY THE STANDARDS OF RULE 23(g)(1)(A) GOVERNING THE APPOINTMENT OF INTERIM CLASS COUNSEL.

The factors set forth under Rule 23(g)(1)(A)(i) – (iv), as well as other considerations, namely, KamberLaw's past experience and in depth understanding of the relevant technology issues, favor its appointment as interim class counsel. Given the nature of the case, KamberLaw offers an enhanced understanding of the legal claims and knowledge of the applicable law. Moreover, KamberLaw has performed extensive work identifying and investigating the relevant claims, was the first to file an action, was responsible for the drafting, building consensus and submission of the proposed consolidation and case management order and is prepared to commit whatever resources are necessary to protect the interests of the putative class. Further, by building near unanimous support of plaintiffs and their counsels, KamberLaw has demonstrated that it is well-respected by its peers and has the ability to work well and build consensus, skills of paramount importance to the successful and efficient litigation on behalf of the Class.

### 1.  KamberLaw and the Firms of the Executive Committee Have a Demonstrably Superior Understanding of the Complex Technology Issues at the Heart of these Cases.

#### a.  *The Class Action and Technology Experience of KamberLaw*

Of the considerations set forth in Rule 23(g)(1)(A), perhaps the most important in this case are found in subsections (ii) and (iii): counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, and counsel's knowledge of the applicable law, respectively. KamberLaw enjoys a superior expertise regarding the relevant legal and technology issues and led by Scott A. Kamber, KamberLaw has extensive experience litigating high profile technology and privacy cases. (Kamber Decl. ¶¶ 4-7).

KamberLaw has served as lead counsel in numerous high-profile cases before this Court. United States District Judge Richard Seeborg recently observed, "The attorneys of KamberLaw

have made a showing that they possess experience and expertise in the areas of consumer privacy and technology matters and have professionally represented the interests of the Class in this matter." *Lane v. Facebook*, Findings of Fact, Conclusions of Law, and Order Approving Settlement (Case No. C09-104 RAJ, Dkt. 123, Mar. 17, 2010).  In prior class action cases like this instant Action, KamberLaw has a proven track record in obtaining particularly favorable results. Kamber Decl, Exhibit A-1.  In several high profile cases, KamberLaw secured very successful early settlements that were promptly approved by the Court.  (*Id*.)  Even before founding KamberLaw, Mr. Kamber had litigated legal claims of first impression that have required fresh approaches to litigation and resolution such as *Wormley v. Geocities* (believed to be one of the earliest internet privacy cases to reach class resolution almost ten years ago and *In re ATI Tech HDCP Litig.* (one of the first cases to address the interpretation of standards for high definition in computers as presented in advertisements) (Kamber Decl., Ex. A-1).

KamberLaw also has the in-house technological background necessary to lead the instant litigation, and its attorneys have extensive experience in the areas of technology from both the public and private sectors as well as law firms and in-house corporate experience.   For example, Mr. Stampley, a former New York Assistant Attorney General, has substantial experience in security and privacy compliance, and brings a unique perspective to the prosecution of the instant action.  While working in the Office of the Attorney General of New York State, Mr. Stampley litigated numerous landmark Internet privacy and security consumer protection cases. (Kamber Decl., Ex. A-1).  These prosecutions required Mr. Stampley to successfully coordinate with other state attorneys general, the Federal Trade Commission, and served as liaison to industry and consumer advocacy organizations.  (Kamber Decl., ¶ 11, Ex. A-1).  He personally conducted investigations, discovery, litigation, and settlement negotiations that required creative research and a thorough understanding of Internet technologies and standards in the context of e-commerce business models. (Kamber Decl. ¶¶ 11-13, Ex. A-1).

The KamberLaw attorneys have also advised clients on managing, mitigating, and remediating compliance risk associated with information security and privacy practices in the context of e-commerce businesses and major corporate information technology programs.

(Kamber Decl., ¶15).  They have also developed Internet applications, performed information security audits and have been responsible for defining and reviewing the criteria and terms of engagement for application code audit and information security audit engagements. And been invited to speak and quoted by privacy commissioners and other senior privacy officials in the United States and abroad. (Kamber Decl. ¶ 15).

> c.   The *Proposed Members of Executive Committee will serve the class and provide additional support and resources to the litigation*

 Proposed executive committee member Lockridge Grindal Nauen P.L.L.P. has been continuously active in class action and other complex litigation since its founding in 1978. Lockridge Grindal Nauen P.L.L.P. has extensive experience in antitrust, securities, environmental, employment, health care, commercial, intellectual property and telecommunications law.  The firm's clients include agri-businesses, business enterprises, banks, local governments, trade and industry associations, real estate developers, telecommunications providers, health care professionals, casualty insurers, publishers and authors, and a major computer manufacturer and retailer. Robert K. Shelquist has tried to class actions to verdict and has been appointed to lead, executive committee, and PSC positions in a number of cases

Jeremy Wilson is a founding partner of Wilson Trosclair Lovins, PLLC and well-versed in the area of internet privacy and technology.  Based out of Dallas, Texas, Mr. Wilson has built a nationwide practice in the area of class actions.  Most recently, Mr. Wilson served as co-lead counsel in a phone application privacy case involving the Ringleader ad network, a settlement of this matter is pending before the Southern District of New York.  See Declaration of Jeremy Wilson and attached firm resume.

Finally, William M. Audet, founding partner of Audet & Partners,llp, a San Francisco Bay Area law firm, has the expertise, resources, experience and qualifications to serve as plaintiffs liaison counsel.  See Declaration of William M Audet (and attached CV and resume).

As noted in his firm's resume, Audet & Partners, LLP has been appointed to leadership positions in California state and federal courts, and in other courts through-out the United States. Mr. Audet was admitted to the California state bar over 25 years ago and has long standing ties to the San Francisco Bay Area legal community and is familiar with the Local Rules of this Court based on his many years of litigation (and two years of clerking for two different federal judges) in this District.

### 2.   KamberLaw's Expertise in Technology Cases Allows it to Tailor a Litigation Strategy to Meet the Complexities Presented by the instant litigation in a Collaborative Manner.

KamberLaw offers leadership tailored to the issues most pressing in the litigation. (Kamber Decl. ¶ 24). For example, as mentioned above, technology lawsuits have a different focus from other major class action litigation. Whereas in antitrust, securities, and mass tort cases the principal objective is to obtain money damages on behalf of a group of aggrieved companies or investors, the thrust of a technology lawsuit like this case is to achieve a meaningful solution to the Defendant's offending business practices. (Kamber Decl. ¶ 24). As a result, in this case, each day that passes without a confirmed reform of Apple's conduct marks another day the putative class is subjected to its offending conduct. (Kamber Decl. ¶ 24). KamberLaw understands and appreciates that protecting the putative class here requires a mechanism through which it can be assured that Apple has ceased improperly collecting the class members' personal information and that such conduct, to the extent already cured, will not resume in the future. (Kamber Decl. ¶ 24).

Likewise, KamberLaw's lawyers have the expertise to ensure that the discovery process is managed in a meaningful and efficient manner. (Kamber Decl. ¶¶ 12, 13, 19). KamberLaw's attorneys have shown they understand the need to evaluate the computer code used in the collection of personal information, the process Apple uses in its UDID application, and to analyze the development protocols and processes that Apple used. (Kamber Decl. ¶ 22).

Building upon their specialized focus on technology cases in the consumer context, KamberLaw has the ability to work with the firms of the proposed Executive Committee to

formulate a litigation strategy aimed at bringing about the necessary revisions to Apple's business practices without delay. (Kamber Decl. ¶¶ 16 -24). KamberLaw has worked successfully with the proposed Executive Committee on resolving other technology disputes, and is familiar with each committee members's work in class actions and other areas of law.. KamberLaw, if appointed Interim Class Counsel, will remain committed to including other plaintiffs' counsel in substantive roles, as necessary, while minimizing duplicative work.

### 3. KamberLaw's Attorneys Satisfy the Considerations of Rule 23(g)(1)(A).

Rule 23(g)(1)(A)(i) and (iv) requires the Court to also consider the work counsel has done in identifying or investigating potential claims in the action and the resources counsel will commit to representing the class. KamberLaw has done significant work to identify and investigate the claims in this litigation.

While no one case has advanced substantively in this litigation, KamberLaw has sought to evaluate the claims made in each of the cases filed to date and to prepare for the potential hurdles to recovery faced by the putative class. (Kamber Decl. ¶¶ 16-24). KamberLaw's lawyers have done significant research into the defenses Apple is likely to raise. *Id.* Using that legal and factual research in conjunction with the public information available, KamberLaw has vetted the claims already made in the various actions, and is prepared to begin work on a master consolidated complaint. (Kamber Decl. ¶ 22).

Further, KamberLaw's efforts included expert forensic analysis of devices and the data flows involved in this matter. In addition, KamberLaw has invested significant resources in developing the expert resources necessary to demonstrate and quantify the economic value to consumers of their personal information at issue in these cases. Based on these preliminary and ongoing investigative efforts, KamberLaw has acquired valuable information in the nature of confirmatory discovery that, as in all our cases, positions us to engage in assertive litigation with an economy of discovery effort or, on the other hand, well-informed mediation. (Kamber Decl. ¶ 22).

Scott Kamber personally contacted plaintiffs' counsel in each of the three subsequently filed actions shortly after their respective filing and service of their complaints in order to

informally coordinate efforts prior to the determination of leadership. To that end, Kamber personally coordinated communications with defendants, including discussions regarding extensions of time to respond to the complaints. These efforts served the efficient administration of justice by not requiring responses from any defendant to the outstanding four complaints. . (Kamber Decl. ¶ ¶ 25-26). KamberLaw also suggested to other counsel and than prepared the initial draft of the consolidation and case management order that was eventually entered by the Court on March 15, 2011. KamberLaw obtained consent of all plaintiffs counsel to the language and than worked to shepherd the documents through all the defendants that had been served in any of the three actions. KamberLaw was able to accomplish this without duplication of efforts by the different plaintiffs' firms. The entry of this Order we believe sets forth the operative timeframe to take the case through the pleadings phase and also insure the timely recommendation of Interim Class Counsel by requiring all Plaintiffs' counsel to seek to self-organize and put forward a single recommendation for Interim Class Counsel. *Id.*

Further demonstrating the importance of efficiency to KamberLaw, after the Courts' entry of the March 15, 2011 Order, KamberLaw engaged in extensive discussions with the proposed members of the Executive Committee as to threshold issues regarding the consolidated amended complaint so that if the Court follows the recommendation submitted herewith, the plaintiffs will be able to comply with the dates for filing ordered by the Court. Each of the firms that support KamberLaw's appointment has acceded voluntarily to its efforts to coordinate prior to appointment of lead to limit the duplication of efforts. (Kamber Decl. ¶ 22). If appointed by this Court as lead counsel, KamberLaw will continue to commit the resources necessary to advance this litigation and obtain relief for the putative class and assign work equitably among all plaintiffs counsel and in a manner that maximizes litigation advantages at the lowest possible cost. Thus, KamberLaw meets the requirements of Rule 23(g)(1)(A)(i).

Likewise, KamberLaw will continue to commit significant resources to advancing this litigation and obtaining effective relief for the putative class in satisfaction of Rule 23(g)(1)(A)(iv). (Kamber Decl. ¶ 19). KamberLaw has already demonstrated a willingness to expend the resources to properly prosecute these actions and represent the interests of the

putative class, including working with experts in investigating the technology issues. (Kamber Decl. ¶ 19). As evidenced by their history of successful casework, KamberLaw is prepared to devote the resources necessary to advance this litigation through all phases—motion practice, discovery, class certification, and trial. More importantly, KamberLaw has the experience required to strategically implement those resources in an efficient manner that maximizes the likelihood of recovery for the class.

Accordingly, KamberLaw meets each of the requirements of Rule 23(g)(1)(A). Above and beyond those considerations, KamberLaw has developed and presented a litigation strategy designed to reduce costs while maximizing efficiencies. As a consequence, this Court should appoint KamberLaw as interim class counsel.

III.     CONCLUSION

In this case, KamberLaw has demonstrated that it is best equipped to serve as lead counsel in this litigation with the assistance of the proposed Executive Committee of and Lockridge Grindal Nauen  and Wilson Trosclair Lovins..  KamberLaw has substantial and substantive knowledge and experience and the support of the majority of plaintiffs and plaintiffs' counsel.  KamberLaw's attorneys understand the relevant technology implications and have the resources to see the case through to a successful resolution in a more efficient manner.  By building the support of 16 of the 17 plaintiffs and their counsels, KamberLaw has further shown that it is well-respected by its peers and has the ability to work well and build consensus, skills of paramount importance to the successful and efficient litigation on behalf of the Class.

For the foregoing reasons, the Movants respectfully submits that the Court appoint Scott Kamber of KamberLaw, LLC as interim class counsel under FRCP 23(g) on behalf of the proposed class.


Date:   March 25, 2011                          Respectfully submitted,

                                                KAMBERLAW, LLC

                                                By:  s/Scott A. Kamber_____
                                                     On Behalf of Lalo Plaintiffs,et al.,


SCOTT A. KAMBER (*pro hac vice application pending*)
DAVID A. STAMPLEY (*pro hac viceapplication pending*)
GRACE PARASMO
*skamber@kamberlaw.com*
*dstampley@kamberlaw.com*
*gparasmo@kamberlaw.com*
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:  (212) 920-3072
Facsimile:  (212) 202-6364

AVI KREITENBERG (SBN 266571)
*akreitenbergy@kamberlaw.com*
KAMBERLAW, LLP
1180 South Beverly Drive, Suite 601
Los Angeles, CA  90035
Telephone:  (310) 400-1050
Facsimile:   (310) 400-1056

1

2   *Plaintiff Jonathan Lalo and Putative Class*

3

4   DAVID C. PARISI (SBN 162248)
    SUZANNE HAVENS BECKMAN (SBN 188814)

5   *dcparisi@parisihavens.com*
    *shavens@parisihavens.com*

6   PARISI & HAVENS LLP
    15233 Valleyheart Drive

7   Sherman Oaks, California 91403
    Telephone: (818) 990-1299

8   Facsimile:  (818) 501-7852

9   JEREMY WILSON
    *jeremy@wtlfirm.com*

10  WILSON TROSCLAIR & LOVINS
    302 N. Market Street, Suite 501

11  Dallas, Texas 75202
    Telephone: (214) 430-1930

12  NABIL MAJED NACHAWATI, II
    *mn@fnlawfirm.com*

13  FEARS NACHAWATI
    4925 Greenville Avenue, Suite 715

14  Dallas, Texas 75206
    Telephone: (214) 890-0711

15  Facsimile: (214) 890-0712

16  *Counsel for Plaintiffs Dustin Freeman, Jared Parsley, Cole Parr, Precious Arrington and*
    *Putative Class*

17

18  WILLIAM AUDET
    JONAS P. MANN

19  MICHAEL A. MCSHANE
    AUDET & PARTNERS LLP

20  221 Main Street, Suite 1460
    San Francisco, California 94105

21  Telephone: (415) 568-2555
    Facsimile: (415) 568-2556

22

23  JOSEPH H. MALLEY
    *malleylaw@gmail.com*

24  LAW OFFICE OF JOSEPH H. MALLEY
    1045 North Zang Blvd.

25  Dallas, Texas 75208
    Telephone: (214) 943-6100

26  RICHARD A. LOCKRIDGE
    ROBERT K. SHELQUIST

27  *rlockridge@locklaw.com*
    *rshelquist@locklaw.com*

28  LOCKRIDGE GRINDAL NAUEN P.L.L.P.

1    100 Washington Avenue S., Suite 2200
      Minneapolis, MN 55401
2    Telephone: (612) 339-6900
      Facsimile: (612) 339-0981

3

   *Counsel for Plaintiffs Daniel Rodimer, Arfat Adil, Emili Clar, Jerod Couch, Barbara Davis,*
4   *MattHines, Diego Lopez, Aaron Mulvey, Anna M. Ruston, Gena Terry and Putative Class*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, David Stampley, an attorney, hereby certify that on March 25, 2011, I caused the above *iPhone Plaintiffs' Group Notice of Motion and Motion for Approval of the Recommendation of Lead Class Counsel*, by causing true and accurate copies of such documents to be electronically filed and transmitted to counsel of record through the Court's CM/ECF electronic filing system.

Dated: March 25, 2011                          KAMBERLAW, LLC

                                               By: s/David Stampley
                                                   One of the attorneys for plaintiffs and
                                                   proposed interim class counsel