Scott A. Kamber (*pro hac vice*)
skamber@kamberlaw.com
David A. Stampley (*pro hac vice*)
dstampley@kamberlaw.com
KamberLaw, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 920-3072
Facsimile: (212) 920-3081

*Interim Class Counsel*
(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE iPHONE APPLICATION LITIGATION | Case No.   CV-10-5878-LHK (PSG) <br><br> **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO STAY PROCEEDINGS** <br><br> Date: May 25, 2011 <br> Time: 2:00 p.m. <br> Judge: Hon. Lucy H. Koh |

Plaintiffs submit this Memorandum in response to Defendant Apple Inc.'s ("Apple") Motion to Stay Proceedings ("Motion to Stay"). For the reasons stated herein, Apple has failed to demonstrate good cause and Plaintiffs respectfully request that the Motion to Stay be denied.

## INTRODUCTION

Over the past five months, in the glare of media fanfare regarding the privacy of class members, the Plaintiffs and Defendants have worked diligently to materially advance these consolidated actions. This Court appointed leadership, held a case management conference, issued a number of orders, and set a timetable and structure for motions and discovery to proceed. This quick pace is not just of Plaintiffs' making. Apple's counsel, after an oral request for a stay of discovery was denied, represented that it was important to Apple that its motion to dismiss be filed prior to the next case management conference. In response to Apple's concern, the Scheduling Order provided that Plaintiffs file a consolidated complaint on shortened time to allow the CMC to be more meaningful.

Weeks after filing its transfer petition before the Judicial Panel of Multi-District Litigation (the "Panel"), and after Plaintiffs filed their consolidated complaint on an expedited schedule, Apple comes before this Court to once again seek to avoid discovery and disclosures. The Motion to Stay ostensibly flows from Apple's decision to file its Panel petition last month to coordinate all cases pending in this and other Districts. Apple's MDL Petition, as well as Plaintiffs' joinder therein, request that the Panel transfer all cases to this Court.

The cases filed in other district courts are virtually at a standstill. As such, it is not likely that another court or judge will hear any of the issues pending before this Court, or that Apple will have to re-litigate any of the issues it now faces. Consequently, at this juncture, Apple's contention that a stay is "particularly imperative" holds no water, as Apple does not face any meaningful risk of hardship or inequity. Indeed, Apple has made no showing that the discovery and other activities that take place in this Court will not and cannot be used in any further coordinated proceedings. As such, Apple's request for a stay would not serve judicial economy. To the contrary, it would simply prejudice Plaintiffs and the class by denying them swift resolution of claims arising from ongoing, serious, and newsworthy breaches of privacy.

- 1 -
PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO APPLE INC.'S MOTION TO STAY PROCEEDINGS
Case No. CV-10-5878-LHK(PSG)

**BACKGROUND ON THE PANEL PROCEEDINGS**

All parties here agree that, in all likelihood, the Panel will grant Apple's motion and transfer all cases involving Apple device privacy issues to this Court. Indeed, Apple's own papers reveal that all of the relevant factors strongly favor coordination of the recently filed class action cases in this jurisdiction.[1] Four of the eleven cases now subject to the transfer motion are consolidated as *In re iPhone Application Litigation* in this District, and a fifth case has been removed to this District and designated as a related case.[2] The *iPhone Application Litigation* is much further along than any of the other actions: the Court has entered an initial case management order jointly proposed by the parties, appointed leadership after briefing, held an initial case management conference, and entered a scheduling order providing for dates for pleadings, initial disclosures and the commencement of discovery. Pursuant to the Order of this Court, Plaintiffs have filed a consolidated complaint, have conducted substantive discussions with numerous defendants and potential defendants, entered into tolling and discovery agreements, and are receiving documents as part of several informal processes. By the time this motion is heard, the parties will have filed a joint proposed case management order, are planning to propose an agreed protective order, and Apple is scheduled to have responded to the Amended Complaint.

None of the other jurisdictions in which cases are pending are likely candidates for transfer of this case.[3] The record reveals that the 'opposition' to the Panel Motion to Transfer to this Court is, at best, only a half-hearted attempt to convince the Panel to send this case to another jurisdiction. The Response to Apple's Transfer Motion by the plaintiff in the Puerto Rico action stated only that: "[t]he transfer and consolidation of these suits is appropriate to the District of Puerto Rico. The

---

[1] *See generally* Motion of Defendant Apple Inc. For Transfer of Related actions to the Northern District of California Pursuant to 28 U.S.C. § 1407, MDL No. 2250 (J.P.M.L. Apr. 14, 2011), ECF No. 1.

[2] On May 12, 2011, Apple filed a [Proposed] Order Consolidating Case to effect the formal consolidation of that fifth case pursuant to CMO #1. See Dkt. No. 81. By operation of CMO #1 all related actions served with CMO #1 have 10 days to object to consolidation. The Jenkins Plaintiffs were served with CMO #1 on April 14, 2011. No objection to Consolidation was timely filed.

[3] The other forum "candidates" are the District of Puerto Rico, and the Northern District of Alabama. The Puerto Rico action has not been served and the plaintiffs in the Alabama action have consented to a stay of all proceedings pending the decision by the Panel.

Court is fully automated and capable of electronic filing. The District of Puerto Rico has seven active judges who would be more than capable of handling this litigation including Judges Jose A. Fuste and Gustavo A. Gelpi."[4]  Plaintiffs in actions recently filed in the Central District of California and the Northern District of Alabama filed an equivocal response to the Transfer Motion, suggesting Alabama as the appropriate forum, but concede that they have yet "to determine if coordination of all actions in a single forum is advisable and, if so, what that forum should be."[5]  The Alabama plaintiffs have also consented to a stay of the Alabama proceedings, pending a decision by the Panel.

## PROCEDURAL HISTORY

This is not the first time that Apple has sought a stay of the consolidated actions pending before this Court.  The Court denied Apple's initial oral request for a stay of discovery (made on April 6, 2011), and issued a Scheduling Order dated April 7, 2011.  The Scheduling Order incorporated the parties' agreement that Plaintiffs would file a consolidated complaint on an expedited schedule—an agreement engendered by Apple's insistence that it be in a position to file its Motion to Dismiss the consolidated complaint prior to the CMC set for May 25, 2011.  A week after the scheduling order issued, Apple filed its Panel petition on April 15, 2011.  Instead of immediately moving for a stay based upon its Panel filing, Apple sat silently and waited for Plaintiffs to file their consolidated complaint.  Apple then waited until May 5, 2011, to file its motion to stay.  Plaintiffs find it significant that Apple noticed its Motion to Stay for July 21, 2011, and did not seek expedited treatment of its motion.  Rather, this motion was expedited by the Court *sua sponte*.  Apple's delays speak volumes about the absence of need for a stay.

---

[4] Response to Motion to Transfer and Consolidate Pursuant to U.S.C. Sec. 1407, MDL No. 2250 at 2 (J.P.M.L. Apr. 26, 2011), ECF No. 10.

[5] Response of Plaintiffs Marcia Burke, William Burke, Kevin Burwick and Heather Kimbrel to the Petition by Apple Inc. For Transfer and Coordination of Related actions, MDL 2250 at 1-2 (J.P.M.L. May 10, 2011), ECF No. 32.

**ARGUMENT**

**I.   APPLE HAS NOT SHOWN THAT IT WILL SUFFER ANY HARDSHIP OR INEQUITY OR THAT A STAY WILL PROMOTE JUDICIAL ECONOMY**

The Supreme Court has established that the power to grant or deny a request for a stay is a power that is inherent in every court, and allows courts to manage their dockets to ensure fair and efficient adjudication. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Since the Court's decision in *Landis*, it has become well-settled that in deciding whether to grant or deny a request for a stay, a court must consider the following factors: (1) the hardship and inequity that would be visited upon the moving party in the absence of a stay; (2) the prejudice that the non-moving party will suffer if a stay is granted; and (3) judicial economy. *See, e.g.*, *Terkel v. AT&T, Inc.*, No. 06 C 2837, 2006 U.S. Dist. LEXIS 42906, at *4 (N.D. Ill. June 9, 2006); *Bd. of Trs. of the Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 904 (N.D. Ill. 2002); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). The Court "should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties motion to the MDL Panel for transfer and consolidation." *See*, *Walt Disney Company*, 980 F. Supp. at 1360 (citing Manual For Complex Litigation, Third, at 252 (1995)).

The first-filed and greatest number of federal cases are pending in this District. No other case outside of this District has had any scheduling conferences, issued any leadership orders, issued any scheduling orders, or filed any amended or consolidated pleadings. And Apple is not likely to confront any such activities in any of those jurisdictions any time soon. Plaintiffs understand that: (1) the Arkansas case is not moving forward because there are both a motion to remand and a motion to stay currently pending; (2) in the Alabama and Central District of California actions, the Plaintiffs have already agreed to stays; and (3) the Defendants have not yet been served in the Puerto Rico and Southern District of New York actions.

Against this backdrop, Apple cannot credibly argue that it is, or is likely to be, faced with any conflicting deadlines, conflicting orders, or any real hardship or inequity if a stay does not issue in the Consolidated actions at this time. Similarly, as the Consolidated actions here are the only cases that have gotten off the ground, Apple cannot show that a stay here will in any way promote

- 4 -

judicial economy. Granting a stay in the Consolidated actions here could well be viewed as an invitation by the plaintiffs in the unserved, copy-cat actions to commence litigation activity, which would be antithetical to judicial economy. By contrast, if the Consolidated actions here continue to progress as they have, there is additional incentive for the dormant actions to continue to defer to this Court, which would only enhance the efficient prosecution of the Apple device actions. *See*, *e.g.*, *Terkel v. AT&T, Inc.*, 2006 U.S. Dist. LEXIS 42906, at *9 (declining to stay case, in part, because it would not serve the interests of judicial economy); *Baker v. Asbestos Defendants*, No. C 04-2066, 2004 U.S. Dist. Lexis 20152, at *10 (N.D. Cal. Sept. 27, 2004) (declining to stay case because it would not serve the interests of consistency or efficiency).

It also bears noting that the Court and the parties have means far short of a stay to manage the litigation of the Consolidated actions so as to minimize or eliminate any purely hypothetical hardship to Apple that may come down the pike. For example, Plaintiffs have already offered to work with Apple to eliminate any duplicative effort by limiting discovery while awaiting the Panel decision, so that all discovery will be readily transferable to the coordinated proceeding, even if the actions are not ultimately transferred to this Court. This practice is fully in accord with the Manual for Complex Litigation which provides that a court should exercise its discretion to manage its docket through the use of pre-trial devices like the CMO when there are multiple lawsuits filed. *See* Manual for Complex Litigation (Fourth) § 20.14 (2004) ("Even when related cases pending in different districts cannot be transferred to a single district, judges can coordinate proceedings in their respective courts to avoid or minimize duplicative activity and conflicts).

## II. THE PENDENCY OF A MOTION BEFORE THE PANEL DOES NOT MANDATE A STAY

The Rules of Procedure of the Panel explicitly state that pretrial proceedings are not affected by the motion for consolidation and transfer under § 1407:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

MDL Panel R. 2.1(d). Indeed, permitting pretrial matters to proceed during the pendency of a Panel transfer request is consistent with § 1407's mandate of efficient litigation. *See, e.g.*, *Ill. Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 852 (7th Cir. 2004).

As explained above, the other actions are in their infancy and pending in jurisdictions that make them unlikely transferee forums for this litigation. The Arkansas action is subject to both a remand motion and a motion to stay, and the plaintiffs in the Puerto Rico and New York actions do not appear to have served the complaints. Finally, but perhaps most importantly, Plaintiffs in the Alabama and the Central District of California actions have already agreed to stay those actions, so Apple faces no current or imminent threat of duplication of effort or inequity.

But, even if this were not the case, no stay would be warranted here. As reflected in The National Institute for Trial Advocacy Commentary on the MDL Panel Rules:

> [T]he mere fact that a multidistrict petition has been filed does not preclude the transferor court from entering discovery orders, ruling on motions to remand to state court, entering protective orders, holding discovery conferences, ruling on class certification, or exercising any other authority within its jurisdiction. Similarly, the parties may proceed with discovery, depositions, and motion practice before the transferor court until such time that the Panel enters an order divesting the court of jurisdiction.

NITA Commentary, LEXSTAT US NITA Multi-Dist. Lit. Proc. R. 1.5 (2005); *see also Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997) ("A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed."). The Manual for Complex Litigation is in accord: "[the court should not] automatically postpone rulings on pending motions, or generally suspend further proceedings." Manual for Complex Litigation (Fourth) § 20.132 (2004). As these authorities make clear, the filing of a petition with the Panel does not automatically support a stay of proceedings in any District Court and this is particularly true, given the situation pending before this Court, where the Consolidated actions are proceeding apace, while the other pending cases are essentially stalled.

### III. A STAY OF THESE ACTIONS WILL PREJUDICE PLAINTIFFS.

Contrary to Apple's argument (Stay Memo at 5-6), a stay in this case will prejudice Plaintiffs. The Panel Motion must be fully briefed by the parties and, ultimately, placed on the calendar of the Panel for a hearing. The Panel meets only every few months, so at this time, Apple's Panel Motion is unlikely to be heard any time prior to July 28, 2011. If a stay were entered here, throughout that delay, Plaintiffs will be unable to litigate the merits of their actions and Apple's privacy violations will continue, causing ongoing and continuing injury to Plaintiffs and the class. A stay under those circumstances does not promote judicial efficiency and is clearly prejudicial to Plaintiffs who seek to continue litigating these actions in this Court, which all parties agree is the proper forum for this litigation. *See*, *Terkel v. AT&T, Inc.*, 2006 U.S. Dist. LEXIS 42906, at *9 (denying motion for stay because "the potential prejudice to the plaintiffs that would result from a stay outweighs the interests of judicial economy and the potential for hardship to the defendants and the government that would accompany denial of a stay").

## CONCLUSION

Because a stay will prejudice Plaintiffs, and Apple faces no meaningful risk of hardship or inequity at this time, Plaintiffs respectfully request that the Motion to Stay be denied.

Dated: May 13, 2011              Respectfully submitted,

KAMBERLAW, LLC


By:_____
     Scott A. Kamber, Interim Class Counsel

SCOTT A. KAMBER
DAVID A. STAMPLEY
*skamber@kamberlaw.com*
*dstampley@kamberlaw.com*
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:  (212) 920-3072
Facsimile:  (212) 202-6364

DEBORAH KRAVITZ
dkravitz@kamberlaw.com
KAMBERLAW, LLP
141 North Street
Healdsburg, CA 95448
Telephone: (707) 820-4247
Facsimile:  (212) 202-6364

Interim Class Counsel for Consolidated Plaintiffs


WILLIAM AUDET
JONAS P. MANN
MICHAEL A. MCSHANE
AUDET & PARTNERS LLP
221 Main Street, Suite 1460
San Francisco, California 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556

Liaison Counsel for Consolidated Plaintiffs


ROBERT K. SHELQUIST
rshelquist@locklaw.com
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401

- 8 -
PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO APPLE INC.'S MOTION TO STAY PROCEEDINGS
Case No. CV-10-5878-LHK(PSG)

Telephone: (612) 339-6900
Facsimile: (612) 339-0981

JEFF S. WESTERMAN
jwesterman@milberg.com
MILBERG LLP
One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

JEREMY WILSON
jeremy@wtlfirm.com
WILSON TROSCLAIR & LOVINS
302 N. Market Street, Suite 501
Dallas, Texas 75202
Telephone: (214) 430-1930

Executive Committee for Consolidated Plaintiffs

- 9 -
PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO APPLE INC.'S MOTION TO STAY PROCEEDINGS
Case No. CV-10-5878-LHK(PSG)