UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE IPHONE APPLICATION LITIG. | ) Case No.: 10-CV-05878-LHK<br>)<br>) ORDER DENYING MOTION TO STAY<br>)<br>) (re: dkt. #72)<br>)<br>)<br>) |

Defendant Apple Inc. ("Apple"), joined by Defendants AdMob, Inc. and Flurry, Inc., moves to stay this consolidated action pending resolution of its motion with the Judicial Panel on Multidistrict Litigation (the "MDL motion") to transfer related actions for coordinated or consolidated pretrial treatment pursuant to 28 U.S.C. § 1407. *See* Dkt. #72. Plaintiffs oppose the motion to stay, arguing that a stay of these proceedings would not further judicial economy, but would only delay resolution of their breach of privacy-related claims. The Court heard argument on Apple's motion on May 25, 2011. The Court does not find a stay warranted, and thus Apple's motion to stay is DENIED. However, the Court finds that discovery in this action should only proceed on a limited basis as specified below.

**I. BACKGROUND**

Plaintiffs in these consolidated actions ("In Re iPhone Application Litigation") allege that Defendants have committed, and are continuing to commit, privacy violations by illegally collecting, using, and distributing iPhone, iPad, and App Store users' personal information. *See*

1

Case No.: 10-CV-05878-LHK
ORDER DENYING MOTION TO STAY

*generally* Consol. Compl. [dkt. #71].  The first two of these consolidated actions were filed on December 23, 2010.  *See* Lalo v. Apple, Inc., et al., 10-cv-05878-LHK (the "Lalo Action") and Freeman v. Apple, Inc., et al., 10-cv05881-LHK (the "Freeman Action").  Other actions in this District have followed.[1]  Moreover, and as most relevant here, other actions, with substantially similar allegations against Apple and other Defendants, have been filed in the District of Puerto Rico and the Northern District of Alabama.

With respect to the cases consolidated under the caption *In Re iPhone Application Litigation*, the undersigned has: (1) issued a stipulated Consolidation Order on March 15, 2011, setting an expedited schedule triggered by Plaintiffs' filing of a Consolidated Complaint; (2) held a status conference and appointed interim Plaintiffs' counsel and leadership on April 6, 2011; (3) extended Apple's deadline for initial disclosures to June 22, 2011 and other Defendants' deadline to July 6, 2011; and (4) held an initial case management conference on May 25, 2011.  In addition, Plaintiffs filed the Consolidated Complaint on April 21, 2011, which, under the Consolidation Order, would have given Apple 30 days to respond.  However, the Court granted Apple's request to extend its deadline to respond to the Consolidated Complaint until June 13, 2011, the same response deadline for other Defendants pursuant to stipulation with Plaintiffs.  *See* May 19, 2011 Order Granting Apple's Motion for Extension of Time to File Response to Consolidated Complaint [dkt. #109].

Apple filed its MDL motion with the Judicial Panel on Multidistrict Litigation (the "Panel") on April 19, 2011.  Apple expects the Panel to hear the MDL motion at the Panel's July 28, 2011 meeting and to decide the MDL motion soon thereafter.  In its MDL motion, Apple seeks to transfer the actions in Puerto Rico, Alabama, and any other District to the United States District Court for the Northern District of California.  In the instant motion to stay, Apple submits that a

---

[1] The other, currently consolidated actions are: Chiu v. Apple, Inc., 11-cv-00407-LHK (filed on January 27, 2011) and Rodimer v. Apple, Inc., et al., 11-cv-00700-LHK (filed on February 15, 2011).  Three other actions have recently been related to the *In Re iPhone Application Litigation*: Gupta v. Apple, Inc., 11-cv-02110-LHK (filed on April 28, 2011); Velez-Colon v. Apple, Inc., 11-cv-02270-LHK (filed on May 9, 2011); and Normand v. Apple, Inc., 11-cv-02317-LHK (filed on May 10, 2011).  Finally, one other action is currently related, but has not yet been consolidated because of a pending motion to remand: Jenkins v. Apple, Inc., 11-cv-01828-LHK (removed on April 14, 2011).

1   stay of these consolidated actions pending resolution of its MDL motion would promote judicial
2   economy and avoid prejudice to the parties.

## II.  ANALYSIS

### A.  A Stay is Not Warranted

The power to grant a temporary stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936).  The Panel's rules do not require that an action be stayed by a district court while a motion with the Panel for transfer is pending.  The stay decision is a discretionary one.  As the Panel's rules state:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

J.P.M.L. Rule 1.5.  When considering whether to stay proceedings pending a motion before the Panel, factors to consider include: (1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.  *See Falk v. GMC*, 2007 U.S. Dist. LEXIS 80864, *6 (N.D. Cal. Oct. 22, 2007).

In consideration of these factors, the Court concludes that a stay is not warranted.  First, with respect to conservation of judicial resources, the Court does not agree with Apple that proceeding with this action will lead to "duplicative pretrial proceedings and needless expenditure of the Court's resources."  *See* Apple Mot. to Stay at 4.  As Apple itself concedes, the actions outside of this District have either been stayed or not progressed beyond the filing of a complaint.  In these consolidated actions, however, the Court has set an initial schedule for a response to the Consolidated Complaint and for initial disclosures.  As in the *Falk* decision denying a motion to stay, "[a]t this time, this action is the only one going forward.  Moreover, any harm from inconsistent rulings would be minimal."  *See Falk*, 2007 U.S. Dist. LEXIS 80864, *7.

1    Apple has also taken the position that Plaintiffs' allegations "are legally insufficient in ways
2    that cannot be cured by amendment," and that Plaintiffs' claims are "legally insufficient for myriad
3    reasons, including their failure to allege standing and harm, and are vulnerable to meritorious legal
4    defenses." *See* March 30, 2011 Joint Status Conference Statement at 3 [dkt. #54]. Thus, Apple
5    essentially contends that *no matter the allegations* made by Plaintiffs, various legal arguments (i.e.,
6    no Article III standing / injury) will dispose of the Consolidated Complaint as a matter of law in a
7    motion to dismiss. If Apple is correct, then judicial economy and Plaintiffs' and Defendants'
8    interests in an efficient and timely resolution of the claims at issue will be best served by starting
9    the motion practice sooner rather than later.

10   Second, with respect to potential prejudice to the moving party, Apple argues that it may
11   have to respond to "similar discovery requests for documents, other written discovery, and
12   depositions," and that its witnesses should not have to "appear for multiple depositions in the
13   various Actions." *Id*. at 5. The Court agrees that discovery in these actions may be (likely will be)
14   extensive and potentially burdensome. However, staying these actions will not change that burden,
15   but would instead only delay discovery's commencement. Apple, whether it is on the timeline set
16   by the undersigned or by another judge, will still have to turn over the same documents and make
17   available the same witnesses for deposition. The Court notes, moreover, that Apple: (1) stipulated
18   to the Consolidation Order, which would have required Apple to respond to the April 21, 2011
19   Consolidated Complaint on an even faster timeline (i.e., within 30 days); (2) sought and received a
20   deferral of initial disclosures until the filing of a Consolidated Complaint; and (3) sought and
21   received another extension of its initial disclosures until June 22, 2011. Finally, as explained
22   further below, the Court will limit discovery in this action to help streamline document production
23   and avoid burdensome requests while Apple's MDL motion is pending before the Panel.

24   The Court finds the third factor, potential prejudice to Plaintiffs, also weighs in favor of
25   denying a stay. Plaintiffs, at least in the Lalo and Freeman Actions, filed their initial complaints in
26   December 2010. Under the Federal Rules of Civil Procedure, Apple, which has been a Defendant
27   in these actions all along, would have been required to respond to the original complaints by
28   January 2011. Instead, with the filing of a stipulated Consolidation Order, a Consolidated

1   Complaint (which Plaintiffs filed on an expedited basis), and an Order by the undersigned granting

2   an extension, Apple and the other Defendants now have until June 13, 2011 to file a response to the

3   Consolidated Complaint.  Further delay, especially where Plaintiffs have acted on an expedited

4   basis to help these consolidated actions move forward and allege on-going privacy violations, is

5   clearly prejudicial to Plaintiffs' interests in a timely resolution of their claims.

6   In sum, the relevant factors do not favor staying this action.

### B.  Limited Discovery is Appropriate

Although the undersigned does not agree that a total stay is appropriate, the Court does find that discovery in these consolidated actions should proceed on a more narrow basis while Apple's MDL motion is pending before the Panel.  At oral argument on May 25, 2011, counsel for Plaintiffs narrowed discovery requests to contracts and related documents between: (1) Apple and the current advertising network and/or analytics Defendants; and (2) Apple and any other advertising network and/or analytics entities that are not currently Defendants.  Counsel for Apple represented that Apple did not need any discovery in advance of its June 13, 2011 response deadline or in advance of the Panel's July 28, 2011 hearing date.

Accordingly, while Apple's MDL motion is pending before the Panel, no depositions shall be taken and written discovery shall be limited to the two areas identified above.  The initial disclosures deadline set at the April 6, 2011 and confirmed in the April 7, 2011 Order Regarding Case Schedule and Case Management [dkt. #66] remain as set.

### III.  CONCLUSION

For the reasons explained above, Apple's motion to stay is DENIED.  Discovery may proceed on the limited basis specified by the Court.  Defendants must respond to the Consolidated Complaint by June 13, 2011.  If, as anticipated, Defendants respond with a motion to dismiss, Plaintiffs' opposition is due by July 11, 2011, and Defendants' reply is due by July 25, 2011.[2]  A hearing on any such motion will be set for Thursday, September 1, 2011 at 1:30 p.m.

---

[2] The Court's Consolidation Order, to which the parties stipulated, required Plaintiffs to file an opposition 21 days after any potential motion to dismiss, but with the new June 13, 2011 Defendants' response deadline, Plaintiffs' opposition would be due on July 4, 2011.  Accordingly, the Court is granting Plaintiffs an extra week to file an opposition, with Defendants' reply still due two weeks later.

5

Case No.: 10-CV-05878-LHK
ORDER DENYING MOTION TO STAY

1    A further case management conference is set for Wednesday, August 10, 2011 at 2:00 p.m.,
2    with a supplemental case management statement due by August 3, 2011.  By August 5, 2011, the
3    parties shall inform the undersigned of the Panel's decision, if any, on Apple's MDL motion.  If the
4    Panel has not issued its decision by August 5, 2011, the parties may request a continuance of the
5    August 10, 2011 case management conference to August 24, 2011.
6    **IT IS SO ORDERED.**

8    Dated: May 31, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 10-CV-05878-LHK
ORDER DENYING MOTION TO STAY