FILED

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

'11 AUG 25 P 2:00

IN RE: IPHONE/IPAD APPLICATION
CONSUMER PRIVACY LITIGATION

MDL No. 2250

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Apple Inc. (Apple) moves to centralize this litigation in the Northern District of California. This litigation currently consists of five actions pending in two districts, as listed on Schedule A.[1] All responding parties agree that centralization in the Northern District of California is appropriate, though the Northern District of Alabama and the District of Puerto Rico also have been advanced as suggested transferee districts.

On the basis of the papers filed and hearing session held, we find that these actions involve

---

[*] Judge Paul J. Barbadoro, and Judge Marjorie O. Rendell took no part in the decision of this matter.

Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in this decision. Alternatively, to the extent that this disqualification is determined for any reason to survive the renunciation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1357-58 (J.P.M.L. 2001).

[1] A sixth action pending in the Western District of Arkansas was originally included on the motion for centralization, but has since been remanded to state court. The parties have notified the Panel that fourteen additional related actions are pending. These actions are potential tag-along actions. *See* Rule 7.1, R.P.J.P.M.L.

In addition to these fourteen potential tag-along actions, defendants Flurry, Inc., and Pinch Media, Inc., notified the Panel of a potentially related action involved in MDL No. 2264 – *In re: Google Android Consumer Privacy Litigation*. These defendants requested that these actions involving Apple products be centralized for coordinated, not consolidated, proceedings with actions containing similar allegations implicating Google's Android operating system. These defendants are no longer parties to any action in MDL No. 2264 and, at oral argument, appeared to abandon this request, which several parties opposed; regardless, we decline to create a combined MDL docket with actions against Apple and Google. We have, however, separately centralized both MDL dockets in the Northern District of California, and their respective transferee judges may coordinate proceedings to minimize any inconvenience to any common defendants that may be named in the two MDLs.

common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Apple allowed third party application developers to collect, transmit, and misuse personal identifying information from iPhone and iPad users. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Northern District of California is the most appropriate transferee district. At least eight related actions are already pending there, including the first-filed actions. Moreover, since several defendants are headquartered in that district, including common defendant Apple, it is likely that relevant documents and witnesses will be found there.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Northern District of California is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lucy H. Koh for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil            W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.        Barbara S. Jones

IN RE: IPHONE/IPAD APPLICATION
CONSUMER PRIVACY LITIGATION                                   MDL No. 2250

## SCHEDULE A

Northern District of California

Jonathan Lalo v. Apple, Inc., et al., C.A. No. 5:10-05878
Dustin Freeman, et al. v. Apple, Inc., et al., C.A. No. 5:10-05881
Anthony Chiu v. Apple, Inc., C.A. No. 5:11-00407
Daniel Rodimer, et al. v. Apple, Inc., et al., C.A. No. 5:11-00700

District of Puerto Rico

Natasha Acosta, et al. v. Apple, Inc., et al., C.A. No. 3:11-01326